EDWARD ELLSWORTH, as Executor, etc., Respondent, *v.* ST. Louis, ALTON AND TERRE HAUTE RAILOAD COMPANY, Appellant.

As against a *bona fide* holder of bonds issued by a railroad corporation, it may not be shown that restrictions imposed by its charter upon the power of the corporation to negotiate its bonds were violated.

As such corporations have general power to issue bonds, persons dealing therein, in the absence of notice, have the right to assume that all restrictions upon this power have been complied with.

Where a railroad company, incorporated in and under the laws of another State, enters into a contract in this State, which, by its terms, is to be performed here, and is legal under the laws of the State, prohibitions in its charter, which would render the contract illegal in the State where the corporation was organized, do not render it illegal here ; their only effect here is as restrictions upon the corporate power.

(Argued January 27, 1885 ; decided April 14, 1885.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made May 5, 1884, which set aside a verdict in favor of defendant and directed a new trial, exceptions having been ordered to be heard at first instance at General Term.   (Reported below, 33 Hun, 7.)

This action was brought to recover the amount of thirty bonds issued by defendant.

The material facts appear in the opinion.

*George A. Strong* for appellant.   Plaintiff's testator, having bought bonds directly from the corporation, is conclusively presumed to know the charter provisions of the corporation with

which he was dealing. (*Hoyt* v. *Thompson*, 19 N. Y. 222;
*Baker* v. *Utica*, id. 327; *Horton* v. *Town of Thompson*,
71 id. 523; *Cagwin* v. *Town of Hancock*, 84 id. 542;
*Vatable* v. *N. Y., L. E. and W. R. R. Co.*, 96 id. 60;
*C. S. Ry. Co.* v. *Gebhard*, 109 U. S. 537.) In an action
upon negotiable paper, when the defendant has shown fraud,
duress, illegality, etc., the burden is then upon the plaintiff to
show that he is a *bona fide* holder for value. (*First Nat. Bk.*
v. *Green*, 43 N. Y. 300; *Farmers' Bk.* v. *Noxon*, 45 id. 765;
*Warren* v. *Haight*, 65 id. 174; *Nickerson* v. *Ruger*, 76 id.
282.) Whenever any contract or transaction is within the pro-
hibition of a statute it is illegal and void, and no recovery can
be had in any action brought directly upon the contract itself
(*Pratt* v. *Short*, 79 N. Y. 442; *N. Y. Trust and Loan Co.*
v. *Helmer*, 12 Hun, 43; *Bk. of Salina* v. *Alvord*, 31 N. Y.
476; *Talmadge* v. *Pell*, 7 id. 346.) Effect must, if possible,
be given to every part of any instrument, whether contract or
statute. (*Thornhill* v. *Hall*, 2 Cl. & Fin. 36; *Benninghoff*
v. *Agricultural Ins. Co.*, 93 N. Y. 505; *Ansonia, etc., Co.* v.
*New Lamp Co.*, 53 id. 125; *Farmers', etc., Co.* v. *Mayor, etc.*,
7 Hill, 267; *Roseboom* v. *Roseboom*, 81 N. Y. 359; *People*
v. *Bork*, 96 id. 195.) One clause of an instrument should not
be denied its usual and natural effect, because of a supposed
repugnancy of an other clause. (*Benninghoff* v. *Agricultural
Ins. Co.*, 93 N. Y. 505; *Hankins* v. *Mayor, etc.*, 64 id. 22;
*Seneca Co. Bk.* v. *Lamb*, 26 Barb. 598; *Barton* v. *Port
Jackson, etc., Co.*, 17 id. 403; *Griffith* v. *Wells*, 5 Denio, 226;
*Jackson* v. *Walker*, 5 Hill, 30; 7 id. 387; 1 Daniel on Neg.
Instr. [2d ed.], §§ 197, 198; *Vallette* v. *Parker*, 6 Wend. 622;
*Safford* v. *Wyckoff*, 4 Hill, 459; *Rockwell* v. *Charles*, 2 id.
500; *Eastman* v. *Shaw*, 65 N. Y. 522; 1 R. S. [Edm.
ed.] 662, § 8; 772, § 5; *Hay* v. *Star Fire Ins. Co.*, 77 N. Y.
244.) When a contract is prohibited by statute, and therefore
void, the courts will leave both parties where they leave them-
selves. (*Saratoga Co. Bk.* v. *King*, 44 N. Y. 92.) Where
there is fraud or illegality, the courts will not aid either party
in enforcing the contract, or in setting it aside, or in recover-

ing back what has passed between them. (*N. Y. State Loan, etc., Co.* v. *Helmer,* 77 N. Y. 72; *Meech* v. *Stoner,* 19 id. 27; *Tylee* v. *Yates,* 3 Barb. 228; *Barton* v. *Port Jackson, etc., Co.,* 17 id. 404; *Seneca Co. Bk.* v. *Lamb,* 26 id. 602; *Oneida Co. Bk.* v. *Ontario Bk.,* 21 N. Y. 494.)    The only way in which plaintiff could have raised the question, whether his testator was entitled to rescind because not *in pari delicto,* would have been to have pleaded a cause of action for money paid and advanced. (*Oneida Bk.* v. *Ontario Bk.,* 21 N. Y. 496; *Thomas* v. *City of Richmond,* 12 Wall. 354; *Utica Ins. Co.* v. *Scott,* 19 Johns. 1; *Same* v. *Kip,* 8 Cow. 20; *Same* v. *Caldwell,* 3 Wend. 296; *Same* v. *Bloodgood,* 4 id. 652; *Pratt* v. *Short,* 79 N. Y. 437, 440, 444, 445, 449.)    The payment of interest has been held not sufficient in a case where there was no original power. (*Northern Bk.* v. *Porter Township,* 110 U. S. 610.)

*Wm. A. Coursen* for appellant.    The bonds in suit are legal bonds with a full liability on the part of the defendant, and the defense that they are contrary to the restrictions of its charter cannot avail the defendant. (*Mercer Co.* v. *Hackett,* 1 Wall. 83, 95.)    The penalties of criminal laws which may affect every guilty member of a community are received with a very different feeling from that entertained in regard to penalties sought to be imposed upon the *bona fide* holder of bonds, which are made payable to bearer, and which are negotiable instruments liable to fall into the hands of the most innocent of our fellow human beings. (*Oneida Bk.* v. *Ontario Bk.,* 21 N. Y. 495; *Bissell* v. *M. S. & R. I. R. R. Co.,* 22 id. 271; 274, 277; *Silver Lake Co.* v. *North,* 4 Johns. Ch. 370; *Palmer* v. *Lawrence,* 4 Sandf. 170; *Nat. Bk.* v. *Mathews,* 98 U. S. 627; *Whitney* v. *Wyman,* 101 id. 396; *Indiana* v. *Woram,* 6 Hill, 36; *Whitney* v. *Union Trust Co.,* 65 N. Y. 576; *Chester Glass Co.* v. *Dewey,* 16 Mass. 94; *Steamboat Co.* v. *McCutchen,* 13 Penn. 18; *Adams* v. *Lawrence Co.,* 2 Pittsburg, 60; *Daniels* v. *Tierney,* 102 U. S. 420;

*Railway* v. *McCarthy*, 96 id. 258; *Jones* v. *Guaranty & Indemnity Co.*, 101 id. 628.)

RAPALLO, J. In March, 1870, the defendant, in pursuance of authority conferred by its charter, issued three hundred bonds of $1,000 each, bearing interest at ten per cent per annum, payable to Russell Sage or bearer. The principal was payable March 1, 1880.

The bonds were offered by the defendant, by printed circulars, for sale in the city of New York and sealed proposals therefor were invited. The circular placed no limit upon the prices to be bid; and gave notice of no restriction upon the company in respect to the price at which it could sell the bonds.

The whole issue of three hundred bonds was sold by the company in the city of New York, some at ninety per cent, some at ninety and one-eighth, and one lot of ten bonds at ninety-one. These were the highest prices paid.

The complaint alleged that the plaintiff, as executor of Henry Ellsworth, deceased, was the holder of thirty of said bonds. He produced that number of such bonds on the trial and they were admitted to be genuine.

There is nothing in the evidence to show from whom, or when, the plaintiff or his testator acquired the bonds, except that on the books of the company there is an entry of the sale of ten bonds of said issue to Henry Ellsworth at ninety and one-eighth. This entry was not verified except by the testimony of Mr. Butler, the president of the company, who testified to the fact of the sale of all bonds of the issue of three hundred, and the amount realized therefrom and the prices, and that the account produced was kept under his direction, but that he had no personal knowledge of the particular transactions.

There was no other proof that the plaintiff or his testator, at the time of purchasing the bonds, knew at what prices they had been sold by the company.

On this evidence the plaintiff rested, and the defendant, under a stipulation, put in evidence the second section of the charter of the defendant, which section empowered it, among other

things, to issue bonds payable at such times and places as might be agreed upon, and to secure their payment by mortgage upon any of its property, real and personal.

The provision upon which the defendant relies for its defense is contained in this section of the charter, and is, that bonds bearing interest at the rate of seven per cent per annum may be hypothecated or sold by the company, within or without the State, when issued, "to raise or borrow money, at a price not less than eighty cents on the dollar, and all other bonds to be issued shall be sold or exchanged at par, and in no case shall bonds, whether hypothecated or sold, become a debt or liability of the corporation at less than eighty cents on the dollar."

This was the only evidence on the part of the defendant, and at the close of the testimony, the defendant's counsel asked the court to direct a verdict for the defendant on the grounds :

*First.* That it appeared from the evidence that the sale of the bonds was prohibited by the charter.

*Second.* That, therefore, they had an illegal inception and were void, and no recovery could be had upon them.

The court granted the request and directed the jury to find a verdict for the defendant, and exception was duly taken by the plaintiff, which exception was ordered to be heard in the first instance at General Term.

The General Term set aside the verdict and ordered a new trial, on the ground that the plaintiff being a *bone fide* holder of the bonds, the fact that they were originally negotiated at less than their par value could not be received to defeat his recovery, and in support of this position they cited the cases of *Woods* v. *Lawrence County* (1 Black, 386), and *Mercer County* v. *Hacket* (1 Wall. 93), which fully sustain the legal proposition.   The bonds in the cases cited were town bonds, and there has been a difference of opinion between this court and the Supreme Court of the United States as to the point whether in respect to town bonds, a *bona fide* holder acquires greater rights than any other holder, where the proceedings for issuing

the bonds have not conformed to the statute empowering towns to issue bonds. But that difference of opinion has arisen from the circumstance that, in this State at least, towns have no general authority to borrow money, or issue securities therefor constituting obligations payable by the tax payers of the locality, but under the bonding acts, the towns are mere agencies, and that their power depends upon a compliance with the requirements of the bonding statutes, while in the Supreme Court of the United States, they have been treated as principals competent to contract, and capable of being estopped by the acts or admissions of their officers, when the rights of *bona fide* holders come in question. But the case of a railroad corporation does not admit of this difference of opinion, for such a corporation has a general power to make contracts and to borrow money, and persons dealing in securities issued by it may, in the absence of notice to the contrary, assume that restrictions upon this power have not been violated. *Bona fide* holders of such securities, therefore, fall within the principle of the decisions in *Mercer County* v. *Hacket,* and *Woods* v. *Lawrence County* (*supra*).

In answer to these cases, however, the defendant contends that the plaintiff cannot be treated as a *bona fide* holder, for the reason that he was a first taker of the bonds from the company. That he was chargeable with notice of the restriction in the charter as to the price at which the bonds might be sold, and knew that the bonds were sold by the company at ninety and one-eighth, in violation of that restriction. To this position there are several answers. The main answer made on the part of the plaintiff is, that taking the whole clause together, the provision that bonds bearing a greater rate of interest than seven per cent shall be sold at par is merely directory, and not intended to invalidate bonds sold at a less rate, unless the sale is at less than eighty, because the direction to sell at par is followed immediately by the provision that "in no case shall bonds, whether hypothecated or sold, become a debt or liability of the corporation at less than eighty cents on the dollar," and it is argued that by this clause eighty cents is fixed as the minimum price, which must be passed in order to invalidate the bonds.

We do not deem it necessary, in this case, to construe the charter in respect to that question, for there is no evidence that the plaintiff or his testator knew that the bonds had been sold by the company at less than par. Except, as to ten of the bonds there is no evidence whatever on the subject, and as to those ten, the only evidence is an entry on the books of the company not proved by any one who had personal knowledge of the transaction. But, assuming that as to those ten bonds the entry should be received as evidence that the plaintiff's testator bought them at less than par, there is nothing to show that the other twenty bonds were purchased with notice of the price at which they were originally sold by the defendant. The direction to find a verdict for the defendant on the whole thirty bonds was, therefore, erroneous, and the order for a new trial was justified.

The defendant, however, takes the further position that the proofs upon the part of the defendant showed, not merely that the issue of these bonds was *ultra vires*, but that it was illegal, the sale of them at less than par having been prohibited by the charter.

On this branch of the case it is sufficient to say that the contract was, in all respects, a New York contract. The bonds were issued and sold in the city of New York, and the interest and principal are both payable in that city. There is nothing in the laws of New York which renders the contract illegal, and even if the charter of the defendant (which was granted under the statutes of the States of Illinois and Indiana) should be so construed as to contain prohibitions which would have rendered the contract illegal in those States, if made there, they do not have that effect in this State. They have no effect here, except as restrictions upon the power of the corporation or its officers.

The order granting a new trial should be affirmed, and judgment absolute entered against the defendant on its stipulation.

All concur.

Order affirmed, and judgment accordingly.