(3 Misc. Rep. 57.)

### VANDERPOEL v. GORMAN, Sheriff.

(Common Pleas of New York City and County, General Term.  March 20, 1893.)

**1. Assignment by Foreign Corporation—Effect as to Attaching Creditors.**
   A general assignment for the benefit of creditors by a foreign corporation, executed in this state, and of property in this state, is, as to such property, ineffectual to pass title, as against an attaching creditor of the corporation.

**2. Same—Insolvency.**
   The provision of the Revised Statutes making unlawful an assignment by insolvent corporations applies to assignments in this state by foreign corporations.

(Syllabus by the Court.)

Exceptions from trial term.

Trover by Augustus H. Vanderpoel, as substituted assignee, against John J. Gorman, sheriff.  There was judgment dismissing the complaint, and plaintiff moved for a new trial on exceptions to be heard at the general term.  Exceptions overruled.  Judgment for defendant.

Argued before BISCHOFF and PRYOR, JJ.

Rose & Putzel, (Gibson Putzel, of counsel,) for plaintiff.

Roscoe H. Channing and John J. Thomasson, (S. F. Kneeland, of counsel,) for defendant.

PRYOR, J.  We are invited by the interesting arguments of counsel to the consideration of important problems touching the capacity of corporations and the powers of their directors, but we deem the discussion of them unnecessary, since, in our judgment, the case lies in a narrower compass, and may be disposed of upon a point not debated at the bar.  The action is in trover, for the attachment by defendant of chattels claimed to be the property of the plaintiff by virtue of an assignment for the benefit of creditors.  The assignor is a New Jersey corporation, but its office and place of business are in this state.  The assignment was executed in this state, and in conformity with its laws.  The property levied on was in this state, and, for anything apparent to the contrary, was attached at the suit of a domestic creditor.  On the trial the plaintiff essayed to establish title to the property in litigation by proof of the assignment, but on objection the evidence was excluded because of the alleged invalidity of the assignment.  The objection was sustained and the evidence excluded, upon which ruling, due exception being taken, we are to determine whether the paper offered in proof was a valid instrument, effectual to pass the property it purported to transfer.  The decision of the point turns upon the application to a foreign corporation of that provision of the statute law of New York which declares it "unlawful" for "any incorporated company to make any transfer or assignment in contemplation of insolvency." That such was the nature of the assignment in question was assumed on the trial and in the argument of the appeal.  The contention of the appellant is that the provision applies only to domestic corporations, and the respondent maintains the contrary proposition.  As we suggested to counsel on the argument, the question is not whether it be competent for the legislature of New York to cancel or curtail the charter powers of a corporation created by another state,— since our laws have no extraterritorial operation, such an effect clearly transcends their scope,—but the true inquiry is rather whether, in the exercise of its sovereignty over its own domain, it be competent to the state to prohibit a particular disposition of personal property within its limits by a foreign corporation.  That a foreign corporation may not of right transact business in the state; that it may be excluded from our borders, or, if admitted, be restricted in its acts and operations by such limitations and burdens as the legislature may choose to impose; that its presence in the state and its faculties in the state are allowed purely ex comitate,—are now elementary propositions in American jurisprudence.  People v. Fire Ass'n, 92 N. Y. 311, 325;  Paul v. Virginia, 8 Wall. 168;  Hampson v. Weare, 66 Amer. Dec. 121, note.  No matter, therefore, what may be the charter powers of a foreign corporation, or the range of its action within its domicile, the legislature of New York may still say that in this state it shall not exert a given power nor do a spe-

cific act; for example, that a foreign corporation shall not, in this state, make an assignment for the benefit of creditors. "Unless the legislature forbids, foreign corporations can come here as freely as natural persons, and exercise here all the powers conferred upon them by their charters, subject to the same limitations imposed upon natural persons; that is, they can do no acts in violation of our laws, or of our public policy." Earl, J., in Hollis v. Seminary, 95 N. Y. 166, 175; Rapallo, J., in Ellsworth v. Railroad Co., 98 N. Y. 553, 559. "A foreign corporation may make and enforce within this state contracts which by its charter it is competent to enter into, and which are not forbidden by the laws or contrary to the policy of this state." Denio, J., in Bard v. Poole, 12 N. Y. 495. "We exercise the right which exists in all sovereignties, to regulate and restrain foreign corporations in doing business here under charters from other governments." Porter, J., in Merrick v. Van Santvoord, 34 N. Y. 208, 212. Hence a devise to a foreign corporation, which it is authorized by its charter to take, is void if not authorized by a statute of this state. White v. Howard, 46 N. Y. 144; Fire Department v. Noble, 3 E. D. Smith, 440; Mor. Priv. Corp. §§ 661--665, 970--972; Tayl. Priv. Corp. §§ 383, 384, 400, 480; Field, Corp. (Wood's 2d Ed.) 347, 488--490; Cooley, Tax'n, (2d Ed.) 57, 100, 387. Hitherto the argument has proceeded upon the fact that the assignment in controversy was made in this state; but, though executed abroad, and there valid, it would not be enforceable here if repugnant to the policy or positive statutes of the state. King v. Sarria, 69 N. Y. 24; Sondheim v. Gilbert, 117 Ind. 71, 18 N. E. Rep. 687. And, while the general rule is that personal property, in its disposition and transfer, is governed by the law of the domicile of the owner, still such disposition or transfer "is not valid in another state, where the property is in fact situate, if in conflict with the interests of that state or its citizens." Peckham, J., in Guillander v. Howell, 35 N. Y. 657, 658; Earl, J., in Warner v. Jaffray, 96 N. Y. 248, 254.

It being competent for the legislature of New York to forbid a general assignment in this state by a foreign corporation, the question occurs, does the provision of the Revised Statutes, already cited, apply to such a corporation? Nothing in the language of the act indicates a contrary intention and effect. Its terms are absolute and without limitation,—"It shall not be lawful for any incorporated company to make an assignment." By what right may the court say that the restraint is imposed only upon our own companies, while foreign corporations are allowed a limitless latitude in the disposition of their property? It may not be answered that the policy of the interdict is predicable only of domestic corporations; so clearly the contrary, rather, that we perceive a special reason for forbidding general assignments by foreign corporations. They might so assign as to exhaust their assets in payment of foreign creditors; or, if no preference be declared, still our own citizens may be defeated of satisfaction by the participation of foreign creditors in the only accessible funds of the insolvent company. Upon the language of the statute, at all events, the legislative intent is clear, beyond mistake, to restrict all corporations; and we have no author-

ity to maim or modify the mandate of the lawmaking power. "A general law of the state prohibiting corporations from exercising particular powers will operate upon foreign corporations, not because the act binds such corporations ex proprio vigore, but for the reason that their exercise of such powers here would violate the public policy of the state indicated by the general restraint upon our own corporations." Andrews, C. J., in Re Prime's Estate, (N. Y. App.) 32 N. E. Rep. 1091. By the act of 1850 it is prescribed that "no corporations shall hereafter interpose the defense of usury in any action," and the courts never hesitated, upon the generality of the language, to extend the operation of the statute to foreign corporations. Rosa v. Butterfield, 33 N. Y. 665; Bank v. Wheeler, 60 N. Y. 612. Our conclusion is that by the terms of the enactment, which confine its effect to no class of corporations, and denounce as "unlawful" the thing forbidden, the assignment in question is absolutely void as to the property in dispute, and so affords no foundation for the action. Exceptions overruled, and judgment directed for defendant, with costs.