# THE

# NEW YORK SUPPLEMENT

## VOLUME 159

(95 Misc. Rep. 132)

### GORDON v. BENGUIAT et al.

(Supreme Court, Appellate Term, First Department. May 22, 1916.)

1. TRIAL ⟨Key⟩83(2)—OBJECTION TO EVIDENCE—SUFFICIENCY.

In an action on a note secured by collateral, defendants contending that tender of the collateral upon demand for payment was necessary, defendants' objection, taken to questions designed either to prove tender of the collateral at the time of demand for payment, or a waiver thereof, that they were immaterial, irrelevant, and incompetent, was not good.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 199; Dec. Dig. ⟨Key⟩83(2).]

2. BILLS AND NOTES ⟨Key⟩405—DESIGNATION OF PLACE FOR PAYMENT—EFFECT.

The holder of a promissory note, secured by collateral, payable at a fixed time and place, was not bound to present the note for payment at maturity at such place, and so was not bound to tender the collateral at maturity, since the designation of a place for payment of a note does not require that it be presented at such particular place, but will merely relieve the maker from liability for damages if he is ready at such time and place to pay it, and there is no one there to receive the money.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1064–1066, 1068–1070; Dec. Dig. ⟨Key⟩405.]

3. BILLS AND NOTES ⟨Key⟩530, 543—INTEREST—COSTS—MAKER OF NOTE PAYABLE AT FIXED PLACE.

Unless the maker of a note payable at a fixed time and place was ready at the time and place appointed to pay it, and there was no one there to receive the money, he is liable for costs and interest in the holder's suit to collect; but merely that the note was secured by collateral which plaintiff failed to tender on demand for payment does not relieve him from such liability.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1941–1944, 1949; Dec. Dig. ⟨Key⟩530, 543.]

Appeal from City Court of New York, Trial Term.

Action by J. Maxwell Gordon against Mordecai Benguiat and another, copartners doing business as H. E. Benguiat & Son, and others. From a judgment dismissing the complaint on the merits, plaintiff appeals. Judgment reversed, and new trial granted.

Argued May term, 1916, before GUY, BIJUR, and COHALAN, JJ.

Berger, Diamond & Abrahams, of New York City (Milton Diamond, of New York City, of counsel), for appellant.

Louis Ogust, of New York City, for respondents Benguiat.

⟨Key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

159 N.Y.S.—1

BIJUR, J. It is evident at the outset that on the record the dismissal should have been merely for failure of proof, and not upon the merits, and that the judgment would have to be modified accordingly; but that is of no importance because, in my opinion, the judgment should be reversed for error of law.

[1] Plaintiff sued as the holder of a promissory note payable two months after date at a fixed place. The only defendants served with process were the makers. The answer in its denials raises no issue material to the question raised on this appeal, except an implied denial that the note was *duly* presented for payment and payment refused; it being admitted, however, that it was presented and payment refused. As a "separate defense" defendants allege that—

"the note in suit is a collateral note secured by collateral security, * * * and that the plaintiff herein never has tendered the said collateral security to defendants herein upon the demand for payment of said note."

Apparently the learned court below was of opinion that this allegation stated a good defense. Plaintiff's counsel thereupon, for the purposes of the trial, acquiesced in the court's view, and asked a series of questions designed either to prove tender of the collateral at the time of the demand for payment or a waiver of or excuse for such tender. The only objection taken to the questions was that they were immaterial, irrelevant, and incompetent. As this objection was manifestly not good, I am at a loss to understand why the objection was sustained, and for this reason alone the judgment would have to be reversed.

[2] But I place the reversal upon a more important ground, going to the merit of the controversy. At the trial plaintiff produced the note, and his counsel tendered the collateral. Defendants' counsel insists, and in this view the learned court below appeared to have agreed with him, that such tender is insufficient, but that the tender of the collateral should have been made at the time and place when the demand for payment was made, namely, the time of the maturity of the note. To support this contention, defendant respondent cites a number of cases which to my mind fail to sustain his view. His error consists in overlooking the fundamental principle laid down in Hills v. Place, 48 N. Y. 520, 522, 523, 8 Am. Rep. 568, now embodied substantially in the Negotiable Instruments Law (Consol. Laws, c. 38) as section 130. In the case named the court said:

"Such designation [namely, of a place for payment] did not make it incumbent, as a precedent condition to create a liability or obligation by the maker of the note to pay it, or to give a right of a recovery thereon, that it should be presented at that particular place for payment. The effect or consequence of an omission or failure to make such presentment was not to exonerate the maker from his promise to pay what he had agreed, but only to relieve him from damages in case he was ready at the time and place appointed to pay it, and there was no one there to receive the money. Such readiness is considered equivalent to a tender of the sum payable, and an answer pleading that fact, and a payment of the money due into court, would be a bar to a recovery of interest and costs, but not to the cause of action."

See also Baldwin's Bank v. Smith, 215 N. Y. 76, 109 N. E. 138.

Since, therefore, plaintiff was not bound to present the note in suit

for payment at maturity, it follows inevitably that he was not bound to tender the collateral at that time. In Field v. Sibley, 74 App. Div. 81, 77 N. Y. Supp. 252, it is pointed out that a demand note may be sued upon without preliminary demand, and that there is no reason why the rule should not be followed if the note is accompanied by collateral; it being sufficient to produce the collateral and tender it at the trial. The respondent quotes from the opinion the following sentence:

"I have no quarrel with the doctrine that, where a demand was necessary, the collateral as well as the note must be present to constitute a valid demand."

But respondent fails to note the emphasis on the phrase *"where a demand was necessary."* A consideration of that exception is sufficient to distinguish another case cited by respondent, namely, Ocean Nat. Bank v. Fant, 50 N. Y. 474, where *an indorser was sued.* It was held that a demand without tender of collateral was insufficient to charge the indorser with liability. That, of course, was a case where "a demand was necessary" as a prerequisite to defendant's liability. In the case at bar, as I have shown, no such demand was necessary. See also cases cited in Wagner v. Kohn, 225 Fed. 718, 721, 140 C. C. A. 592. Among other authorities there mentioned there is an extract from Colebrook on Collateral Securities, § 106:

"The pledgee of negotiable collateral paper, although entitled upon default to enforce payment of the principal obligations and to retain such collateral securities on payment, should be ready *in such action* * * * to produce the collateral securities," etc.

[3, 4] There being no pleading by the defendant to the effect that "he was ready at the time and place appointed to pay it, and there was no one there to receive the money" (from Hills v. Place, supra), the matter alleged in the so-called separate defense does not even constitute a partial defense against the costs and interest.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.