KATHERINE PERRY, Plaintiff, v. NORDDEUTSCHER LLOYD (BREMEN) (NORTH GERMAN LLOYD), Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District, January 8, 1934.

*Jacob Chaitkin,* for the plaintiff.

*Sullivan & Cromwell* [*Emery H. Sykes* of counsel], for the defendant.

WATSON, J. Plaintiff moves for summary judgment under rule 113 of the Rules of Civil Practice. The action is founded upon a coupon for thirty dollars attached to a bond issued by the defendant. It is admitted that the coupon has not been paid.

Plaintiff's claim is resisted on two grounds, as revealed by the two separate defenses set up in the answer: *First,* that the coupon if presented for payment was presented for payment in gold coin, and that payment in gold coin at the time of the alleged presentment was illegal and prohibited under the laws of the United States; *second,* that the defendant is a German corporation subject to the laws of the German Reich; that the coupon is annexed to a gold bond of the defendant, issued under an indenture to which reference is made in the bond for a description of the rights of the holder; that the indenture was executed in Germany and the bonds and coupons issued thereunder are governed by the German law; that the German law has, in effect, provided for a moratorium in payment of interest for the benefit of a foreigner unless official consent is obtained and that such consent has not been given and is not obtainable. It is also alleged that the laws of Germany are not confiscatory and that the legislation is, in effect, such as the legislation in this country changing the rights of creditors to receive payment in accordance with the terms of their obligations and that a readjustment of indebtedness is being developed.

The two issues created by these defenses are: (1) Whether proper presentation was made, and (2) whether the moratory laws of Germany are applicable.

The denial of presentment and demand for payment raises no issue. The coupon is a promissory note (*Evertson* v. *National Bank of Newport,* 66 N. Y. 14), and " presentment for payment is not necessary in order to charge the person primarily liable on the instrument." (Neg. Inst. Law. § 130; *Gordon* v. *Benguiat,* 95 Misc. 132.)

The allegation that the coupon was presented for payment in gold coin is· not supported by affidavit; on the contrary, the affidavits, on behalf of both parties, deny that payment in gold coin was demanded. Besides, that could constitute no defense; the medium in which the coupon is payable might affect the amount of the judgment, but not the right to judgment. (*Feist* v. *Societe Intercommunale Belge D'Electricite of Brussels,* English House of Lords, decided Dec. 15, 1933, N. Y. L. J., Jan. 5, 1934.) Here

it presents no issue, for the plaintiff offers to accept payment in legal tender.

Defendant's plea of a German moratorium, which it claims is binding because it is a German corporation and that the contract was made by it in Germany, is wholly deficient in its proof. Defendant has not proven the German moratorium laws. Further, it has avoided, apparently with studied care, any proof as to where the bond had its contractual inception. The answer, in pleading the defense, sets up that, not the bond, but the indenture to which the bond refers was executed in Germany. The affidavit, in support of this allegation, shows that the trust agreement was acknowledged at Bremen as to all parties. It further avers, upon information and belief, that the original bond of $20,000,000 (the full amount secured by the indenture) was issued and delivered in Germany October 22, 1927. The bond here under consideration, however, did not have its inception at that time or place; it is dated November 1, 1927; it is payable in New York; it required the authentication of the American trustee, and it recites that it was signed in the city of New York. There is no proof in contradiction of that recital. It does not appear that the bond, to which the coupon in suit appertained, was a German contract. Defendant's absolute liability upon the bond and coupon is not impaired by the mere reference in the bond to the indenture " for a description of the rights of the holders of the bonds thereunder." (*Cunningham* v. *Pressed Steel Car Co.*, 238 App. Div. 624; *Rothschild* v. *Rio Grande Western R. Co.*, 84 Hun, 103; affd., 164 N. Y. 594.) And, whatever might be the effect of the German moratorium laws, if this bond appeared to be a German contract, they certainly cannot apply, in the absence of such a showing, merely because defendant is a German corporation. (*Second Russian Insurance Co.* v. *Miller*, 268 U. S. 552.) If made elsewhere, the German moratorium is no defense, because the contract has not provided against such a contingency, and impossibility of performance due to a foreign law is no excuse. (*Richards & Co., Inc.,* v. *Wreschner*, 174 App. Div. 484; *Krulewitch* v. *National Importing & Trading Co., Inc.,* 195 id. 544.)

Plaintiff has established her ownership of the coupon, and its non-payment at maturity is admitted. Defendant has not shown facts sufficient to entitle it to a trial of the issues. The motion for summary judgment is, therefore, granted, with ten dollars costs.