HENRY J. GLYNN, Plaintiff, *v.* UNITED STEEL WORKS CORPORATION and Another, Defendants.

Supreme Court, Special Term, Kings County, August 14, 1935.

*Lupka & Pomerantz* [*Abraham Marcus* of counsel], for the plaintiff on the motion.

*Jacob Chaitkin*, for Charles A. Throckmorton and others, *amici curiæ*, for the motion.

*William J. Mahon* [*Joseph F. Kroppy* of counsel], for the defendants, opposed.

McLaughlin (Alonzo G.), J. The motion to strike out so much of the amended answer as denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs of the complaint designated second, third and sixth as sham and frivolous is granted. The defendant certainly has knowledge as to whether or not in the latter part of 1933 or the early part of 1934 certain other corporations organized under the laws of the German Reich were merged into or with the defendant Gelsenkirchen Mining Corporation, and whether since said merger the defendants have changed the corporate name of the merged. corporation to United Steel Works Corporation. A denial of knowledge or information sufficient to form a belief as to these allegations is frivolous. These matters are largely of record, and means of information concerning their existence is within the control of the defendant, and the truthfulness of the allegations a subject of convenient and ready determination. As said by the court in *Dahlstrom* v. *Gemunder* (198 N. Y. 449, at p. 454): " Under such circumstances it was not permitted to him to make a bald and unexplained denial of any knowledge or information. A party may not thus deny the possession of knowledge or information which presumably he has; neither may he purposely turn his head and close his eyes and ears for the purpose of avoiding knowledge and information, and of enabling him to make a denial thereof." The same is true with respect to paragraph sixth. The defendant knows whether it publicly announced its intention not to pay the notes mentioned and described in the complaint.

The more difficult question arises from that portion of the motion which asks that the answer be stricken out, and for summary judgment under rule 113 of the Rules of Civil Practice.

The defendant, a foreign corporation, organized under the laws of the German Reich, came over to this country and sold to our citizens a series of its negotiable six per cent gold promissory notes, payable to bearer, aggregating $15,000,000, maturing March 1, 1934, at the principal office of Dillon, Reed & Co., in the borough of Manhattan, city of New York, United States of America, and agreed to pay interest upon said notes semi-annually at said place, principal and interest to be payable in gold coin of the United States of America, of the standard weight and fineness existing March 1, 1928. The notes were executed in the city of New York, United States of America, as of the 1st day of March, 1928. The plaintiff is the holder of thirty-one of these promissory notes, each in the principal sum of $1,000, which matured on March 1, 1934. It is alleged that prior to the maturity of the said notes the defendant announced that it would not pay the same. In any event, the notes have matured and are unpaid. The plaintiff brings this action to recover the sum of $31,000, with interest from March 1, 1934. The answer denies any knowledge or information sufficient to form a belief as to paragraph fifth of the complaint, which states that the plaintiff is the owner of these notes, but the plaintiff, in his affidavit, and by the production of these notes in court, has established the fact that he is the owner thereof. Since these notes are bearer notes passed by delivery, the possession thereof makes a *prima facie* case. The defendants, by way of affirmative defense, allege in substance that by virtue of the law passed by the German Reich on June 9, 1933, the defendant is prohibited from paying the principal of these notes and the interest abroad, but that obligations due to foreigners must be paid by the debtor at the contractual due date in reichmarks to the credit of the foreign creditor to the conversion office for German foreign debts. In March, 1928, this defendant made a contract in the city of New York, to be performed in the city of New York, and promised to make certain payments in the city of New York in United States gold currency. Upon the strength of that contract the defendant received from our American citizens $15,000,000. The time for performance has arrived, and the defendant refuses to perform, because it says in the interim a law was passed in Germany which prevents its paying these obligations in accordance with the terms of its contract; that instead of paying these notes in gold coin, which was what it borrowed, it can only pay now in marks, not in America but in Germany.

The laws of Germany cannot bind our citizens, who are not subject to their jurisdiction. In *Dyke* v. *Erie Railway* (45 N. Y. 113) our Court of Appeals said (at p. 116): " The generally received rule for the interpretation of contracts, is that they are to be construed and interpreted according to the laws of the State in which they are made unless from their terms it is perceived that they were entered into with a view to the laws of some other State. The *lex loci contractus* determines the nature, validity, obligation and legal effect of the contract, and gives the rule of construction and interpretation, unless it appears to have been made with reference to the laws and usages of some other State or government, as when it is to be performed in another place, and then in conformity to the presumed intention of the parties, the law of the place of performance furnishes the rule of interpretation." Again (at p. 118): " Effect will not be given by the courts of a State to foreign laws in derogation of the contracts, or prejudicial to the rights of citizens. (*Liverpool, Brazil, etc., Steam Navigation Co.* v. *Benham*, 2 Law Rep. P. C. Cases, 193; *Hale* v. *N. J. St. Nav. Co.*, 15 Conn. 539; *Arnott* v. *Redfern*, 2 Carr. & Payne, 88; *Gale* v. *Eastman*, 7 Met. 14.)"

In *Ellsworth* v. *St. Louis, Alton & Terre Haute R. R. Co.* (98 N. Y. 553) a foreign corporation sold its bonds in the city of New York, the principal and interest being paid there, just as in the instant case. It was held that they were New York contracts and valid here, although there were provisions in the charter of the corporation which would make them illegal in the State where the charter was granted. The court said: " On this branch of the case it is sufficient to say that the contract was, in all respects, a New York contract. The bonds were issued and sold in the city of New York, and the interest and principal are both payable in that city. There is nothing in the laws of New York which renders the contract illegal, and even if the charter of the defendant (which was granted under the statutes of the States of Illinois and Indiana) should be so construed as to contain prohibitions which would have rendered the contract illegal in those States, if made there, they do not have that effect in this State."

Furthermore, it is apparent from a reading of the German decree upon which the defendant relies that its purpose is to discriminate against our American citizens to whom these bonds were sold. The statute says: " Interest * * * and similarly regularly recurring payments * * * credits, loans, mortgages * * * of foreigners must be paid by the debtor at the contractual due date in Reichmarks to the credit of the foreign * * * creditor to the conversion office for German foreign debts." Every nation should protect its own subjects from the injuries resulting from the

unjust and prejudicial influences of foreign laws, and should use its efforts to protect its subjects from foreign laws which are repugnant to its own interest and policies. In the case of *Sheppard* v. *Hamburg-Amerikanische Packetfahrtactien-Gesellschaft* (N. Y. L. J. March 14, 1934, p. 1232) Mr. Justice COLLINS overruled a similar defense, saying: " The contract — represented by the bond and coupons — was made in New York; it was to be performed in New York. Its fiscal agent was here. Hence, the law of New York governs ( *Union National Bank* v. *Chapman*, 169 N. Y. 538; *Beadall* v. *Moore*, 199 App. Div. 531, 533). The indenture does not alter or affect the situs of the contract. (*Cunningham* v. *Pressed Steel Car Co.*, 238 App. Div. 624; affd., 263 N. Y. 671.) The plaintiff's rights are not controlled by the laws of the German Reich.

" The defense that the obligation is payable in reichmarks to the conversion office for German foreign debts is meritless. (*Perry* v. *Norddeutscher Lloyd*, 150 Misc. 73; *Guinness* v. *Phœnix Assurance Co., Ltd.*, 196 App. Div. 495, 498.)" In *Perry* v. *Norddeutscher Lloyd* (150 Misc. 73; affd. by App. Term, First Dept. without opinion\*) a similar defense was interposed to an action on a coupon attached to a bond made by the defendant and sold in this country, and the same German moratorium laws were set up as a defense. The court, however, held that this defense was without merit. The court says (at p. 75): " And, whatever might be the effect of the German moratorium laws, if this bond appeared to be a German contract, they certainly cannot apply, in the absence of such a showing, merely because defendant is a German corporation. (*Second Russian Insurance Co.* v. *Miller*, 268 U. S. 552.) If made elsewhere, the German moratorium is no defense, because the contract has not provided against such a contingency, and impossibility of performance due to a foreign law is no excuse. (*Richards & Co., Inc.*, v. *Wreschner*, 174 App. Div. 484; *Krulewitch* v. *National Importing & Trading Co., Inc.*, 195 id. 544.) "

In *Marks* v. *United Steel Works Corporation*, recently decided by Judge MADIGAN of the City Court of the City of New York, an action was brought against the same defendant on similar bonds, and identically the same defense was interposed. The court in granting summary judgment said: " Motion for summary judgment is granted. In *Perry* v. *Norddeutscher Lloyd, Bremen* (150 Misc. 73; affd. by our Appellate Term\*), the Appellate Division denied leave to appeal. The foreign enactment is not to be given effect because of certain provisions of the ' Indenture,' manifestly intended to enlarge and protect the rights of prospective purchasers of the

---

\*N. Y. L. J. April 6, 1934, p. 1653.

obligations, provisions not intended to justify restriction of such rights by rendering ineffectual, in the event of such an enactment, the numerous other provisions intended to assure purchasers of the obligations against contentions such as defendant now urges."

To allow a defense of the character pleaded by the defendant would be equivalent to depriving our citizens of the protection to which they are entitled in our courts. The answer should be stricken out and the motion for summary judgment granted. The court grants the plaintiff leave to amend his complaint so as to set forth that the bonds were not paid and the amount due thereon. Defendants' counsel says that this affirmative defense contained in the amended answer was upheld by Mr. Justice STEINBRINK. In that, we believe, he is in error. The application before Mr. Justice STEINBRINK was to strike out the amended answer on the ground that it was served for the purpose of delay. The legal sufficiency of the defense was then not properly before the court.