LEE DEUTSCH, Plaintiff, *v.* GUTEHOFFNUNGSHUTTE, AKTIENVEREIN FUR BERGBAU UND HUTTENBETRIEB and Another, Defendants.

Supreme Court, Special Term, Kings County, July 2, 1938.

*Jacob Chitkin,* for the plaintiff.

*William J. Mahon,* for the defendants.

NOVA, J.   This is a motion for summary judgment pursuant to rule 113 of the Rules of Civil Practice.   The complaint contains two causes of action: one to recover past due interest on coupons annexed to certain negotiable bonds issued by the defendants; and the second to recover the sum of $5,000, the principal amount of the bonds, with interest thereon from April 15, 1937, as damages by reason of the defendants' failure to amortize the bonds yearly in accordance with the provisions appearing on the face of the bonds.

Partial summary judgment was granted in favor of plaintiff upon the first cause of action and the present motion is upon the second cause of action.

The defendants object to the granting of the motion upon two grounds: *First,* that the defendants' promise to make sinking fund payments has been discharged because of impossibility of performance, and the *second,* that a default in making such payments does not entitle an individual bondholder to sue for the principal of the bonds.   The defendants are corporations organized and existing under the laws of Germany and in 1925 issued and delivered a series of negotiable bonds in the State of New York made payable in New York in dollars.   In addition to promising to pay interest semi-annually and the principal at all events not later than October 15, 1945, the defendants also promised to amortize five per cent of the total amount each year during the twenty-year term of the bonds issued so that by the maturity of the bond issue nothing would remain to be paid.   No interest whatever has been paid on these bonds since 1934 and no bonds have been redeemed or retired by the operation of the sinking fund through drawings by lot or otherwise since prior to 1934.

The breach by the defendants of their obligation to create a sinking fund and draw five per cent of the bonds by lot each year has

been held in *Hall* v. *Nassau Consumers Ice Co.* (260 N. Y. 417) to give rise to an action for damages in favor of the plaintiff, the damages being measured by the principal amount of the bonds. The defendants contend that the law of the defendants' domicile, Germany, prevents them from making payments into sinking funds existing outside of the territorial limits of Germany, and that this condition constitutes a legal impossibility of performance and discharges the contract promise to establish an annual sinking fund. It is my opinion that this defense is untenable in view of the fact that the bonds were New York contracts, governed by the laws of the State of New York, and impossibility of performance due to a foreign law is no excuse. (See *Glynn* v. *United Steel Works Corp.*, 160 Misc. 405; also *Marks* v. *United Steel Works Corp.*, Id. 678, and the authorities therein cited.)

Defendants' second contention that the plaintiff herein as an individual bondholder is not entitled to sue for the principal of the bonds is, in my opinion, without merit. The right of an individual bondholder to sue for breach of sinking fund provisions contained on the face of his bonds and to recover as damages the principal amount of the bonds has been sustained in *Fortunato* v. *Banco De Colombia* (250 App. Div. 781, and again in 252 id. 776). In that case, however, neither the trust indenture nor the bonds in any way prohibited or limited suits by individual bondholders and in this respect the Appellate Division said (252 App. Div. 777): " The provisions respecting who should enforce the obligations owing by defendant under the instrument are not mandatory or exclusive — merely permissive."

In the present action the bonds provide: " In case an event of default, as defined in said Indenture, shall occur, the principal of this bond may be declared and may become due and payable in the manner and with the effect provided in said Indenture."

Section 11 of article six of the indenture of mortgage reads as follows: " In order to promote and protect the equal and ratable rights of every holder or registered owner of the Bonds and of the coupons and to avoid multiplicity of suits, it is expressly covenanted and agreed, and all the Bonds issued hereunder are subject to the condition, that all rights to enforce the security of the mortgage created pursuant to this Indenture are vested exclusively in the Trustee, and that neither the holders or registered owners of the Bonds, nor the coupons, shall have any right to institute or to require the institution of any proceedings or to apply for the appointment of a representative to take any action, on behalf of the holders or registered owners of the Bonds or of the coupons, in the place and stead of the Trustee, for the foreclosure or enforce-

ment of said mortgage, unless and until the Trustee shall have received written notice of an event of default and shall have been directed in writing by the holders of at least twenty-five per cent in principal amount of the Bonds secured hereby and then outstanding, to proceed against the Corporation, and shall have been offered security and indemnity satisfactory to the Trustee against the costs, expenses and liabilities to be incurred therein or thereby, and for ninety days after receipt of such notification, direction and offer of indemnity shall have neglected or refused to institute such proceeding; it being understood and intended by the holder or registered owner of every Bond and the Trustee, that no one or more holders or registered owners of the Bonds or coupons shall have any right in any manner whatever to affect, disturb or prejudice the rights of the holders or registered owners of any other of the Bonds or coupons, or in any manner or way to obtain or seek to obtain priority over or preference to any other such holders or registered owners. In case of such neglect or refusal of the Trustee, any recovery in any proceeding instituted by a representative of the holders and/or registered owners of the Bonds shall be for the equal pro rate benefit of all outstanding Bonds and coupons similarly situated."

The contention of the defendants is that this language makes it obvious to a bondholder that he is first obliged to permit the trustee to bring an action to collect the principal out of the security. In addition, defendants maintain that a bondholder is obliged not to attempt to gain priority over bondholders " in any manner " in view of the above provision.

Section 11 of article six, *supra*, in my opinion, relates solely to the enforcement of collateral security for the repayment of the bonds and in no way affects the action on the bonds themselves. The present action is not one to enforce the security of the mortgage, but is merely for the purpose of recovering on defendants' primary obligation to pay by reason of a breach of a provision appearing on the face of the bond itself.

Under the circumstances, I can see no reason why the motion for summary judgment in the amount of $5,000 with interest from April 15, 1937, should not be granted.