DANIEL E. FINN, as Sheriff of the County of New York, and LEE DEUTSCH, Respondents, v. THATCHER MAGOUN BROWN and Others, Individually and as Copartners Trading under the Firm Name and Style of BROWN BROTHERS HARRIMAN & Co., Appellants.*

Second Department, May 15, 1939.

---

* Revg. 169 Misc. 436.

*Robert M. Benjamin* [*Henry L. de Give* with him on the brief], for the appellants.

*Jacob Chaitkin*, for the respondents.

*Paul W. Williams* [*Adolphus W. D. Gronningsater* with him on the brief], for American Committee of Fiscal and Paying Agents of German Dollar Obligations, as *amicus curiæ*.

HAGARTY, J. This is an action by the sheriff of New York county and an attaching creditor, pursuant to sections 922 and 943 of the Civil Practice Act, to reduce to the possession of the former money and scrip in the possession of defendants which are the subjects of a warrant of attachment. The coplaintiff Lee Deutsch, the party in interest, hereinafter referred to as the plaintiff, has procured a judgment against German corporations known as Gutehoffnung-shutte, Aktienverein fur Bergbau und Huttenbetrieb and Gutehoff-nungshutte Oberhausen Aktiengesellschaft, hereinafter referred to as " Good Hope Steel."

The plaintiff was the holder of a $5,000 bond, part of a $10,000,000 issue by Good Hope Steel. These bonds are characterized as " dollar bonds " in that these German corporations obligated themselves to pay interest and to amortize in dollars through their fiscal agents in New York. For breach of such obligations plaintiff obtained judgment for the amount of the bond, with accrued interest. (See *Deutsch* v. *Gutehoffnungshutte, etc.*, 168 Misc. 872.) Plaintiff seeks to have the aforesaid money and scrip applied in satisfaction of that judgment. From the inception of the bond issue until the summer of 1933 Good Hope Steel fulfilled its obligations in accordance with the terms of its trust agreement and its agreement with its fiscal agents. The defendants, as a partnership, are one of such agents.

On June 9, 1933, a law was enacted by the German government which required, thereafter, all of its nationals to pay interest

indebtedness owing by them to foreign creditors to a "public law corporation," hereinafter characterized as the "Conversion Office," which, in turn, was empowered to make payments to such foreign creditors. In accordance therewith Good Hope Steel was obliged to turn over its payments of interest due on the dollar bonds on October 15, 1933, and April 15, 1934, to the Conversion Office at the current rate of exchange. As to the payment by the Conversion Office, however, the law provides "At what point of time payments may be made out of the accounts, the Reichsbank will determine." The debtor, according to this law, is freed of his obligation upon payment to the Conversion Office. Statutes or regulations of the Conversion Office empower that agency to make payments by means of non-interest-bearing certificates of indebtedness. Some time after the respective due dates of the aforesaid interest the Conversion Office forwarded to the appellants so-called payments of the interest, consisting but in part of dollars and its scrip for the balance. This scrip is worth only a fraction of the dollar indebtedness for which it was forwarded in payment, being redeemable in "blocked reichsmarks," a form of currency having but a limited use in Germany.

Distribution thereof was made by appellants to the holders of the respective interest coupons. At the time of the levy by the sheriff there remained unclaimed by coupon holders part of the money and scrip, which is the subject-matter of this action. Although the attorney for plaintiff avers that certain of the coupon holders refused to accept this offer of settlement, this is a conclusion which is rebutted by the undisputed fact as alleged in the answer and in the affidavit of one of the defendants that no coupon holder has refused to accept the money and scrip, but that the small residue as yet has been unclaimed.

To prevail in this action the burden is upon the plaintiff to establish that the money and scrip "belong" to the Good Hope Steel. (Civ. Prac. Act, § 916.)

When a government abstracts and appropriates to itself a substantial portion of the payment of an honest debt of one of its nationals to a foreign creditor an anomalous situation is created which will not yield to the application of doctrines ordinarily prevalent in civil litigation. (*Moscow Fire Ins. Co.* v. *Bank of New York & Tr. Co.*, 280 N. Y. 286.) In particular the issue here should not turn upon a refinement of the law of agency.

If this payment in full by Good Hope Steel had not been intercepted and had come into the possession of the appellants in accordance with the aforesaid indenture and agreement, it is clear that

it would be impressed with a trust in favor of the coupon holders to the exclusion of an attaching creditor. (*Rogers Locomotive, etc., Works* v. *Kelley*, 88 N. Y. 234.) In so far as Good Hope Steel has been permitted to do so, payment has been made. Pursuant to the terms of the agreement with its fiscal agents payments by Good Hope Steel may not thereafter be withdrawn for a period of ten years after the maturity of the interest coupons in respect to which such payment or deposit has been made. It was the manifest intention of Good Hope Steel to impress the money and scrip with a trust in favor of the coupon holders, and a reiteration by Good Hope Steel to appellants of instructions issued by the Conversion Office is immaterial. In accordance with that intention and in the light of all of the circumstances the money and scrip so unclaimed shall be deemed to be held in trust by the appellants for the benefit of coupon holders thereto entitled.

The plaintiff evidences undue solicitude with respect to the coupon holders, as to whom she herself, in effect, seeks a preference. The legal effect of the conditions imposed by the Conversion Office, namely, that coupon holders accept the money and scrip as payment in full, need not be determined at this time.

The order granting plaintiffs' motion for summary judgment and the judgment entered thereon should be reversed on the law, with ten dollars costs and disbursements, the motion denied, without costs, and defendants' motion for summary judgment should be granted, without costs.

LAZANSKY, P. J., CARSWELL, JOHNSTON and ADEL, JJ., concur.

Order granting plaintiffs' motion for summary judgment and the judgment entered thereon reversed on the law, with ten dollars costs and disbursements, the motion denied, without costs, and defendants' motion for summary judgment granted, without costs.