W. Newcomb Calyer, S.
An objection has been filed to the account filed herein on the ground that it fails to allow part of a claim filed by the United-States of America.
The decedent had executed a note for $305.26, which was insured under the provisions of the National Housing Act (U. S. Code, tit. 12, § 1701 et seq.). The decedent defaulted on the note on November 27,1949, as a result of which a claim was filed with the Federal Housing Administration for the amount then due on said note. The claim was paid in full and the note was duly *231 assigned to the United States of America, which is still the lawful holder thereof.
The decedent made three payments to the Federal Housing Administration, and at the time of her death on June 26, 1956, still owed $148.02 on said note. The administrator admits that said sum is due and that it is entitled to priority under the provisions of the United States Code (tit. 31, §§ 191, 192): The objection to the account is based on the contention of the United States of America that it is entitled to interest on its claim from the date of default to March 25,1957, in the sum of $77.72, plus additional interest at 6% on the principal balance of $148.02 from March 25,1957. This interest has not been allowed by the administrator.
No cases have been cited by counsel on either side, nor .have any been found by the court in the annotations to sections 191 and 192 of title 31 of the United States Code Annotated which pass on the question of the right of the United States of America to interest on a claim such as this, where, as here, the assets of the estate are insufficient to pay general creditors in full. It has been said that interest should not be considered where the estate is insufficient to pay claims in full, unless it has attached as a matter of law, as in the case of a discounted note, such as the one in question here. (Matter of Ely, 153 Mise. 334.) The Appellate Division of this (2d) department has held that acknowledgment of the debt as due and owing carries with it the incidents of the original contract, one of which necessarily was the payment of the interest specified in the note. (Matter of Searles, 271 App. Div. 889.) Here both the decedent and her administrator have acknowledged the debt to be due and owing, and entitled to priority.
The objection is, therefore, sustained, and the claim of the United States is allowed in the sum of $148.02, with interest in the sum of $77.72 to March 25, 1957, and additional interest at 6% on the principal sum of $148.02 from March 25, 1957 to the date hereof.
Submit decree aecqrdingly.