Joseph A. Cox, S.
The administrator c. t. a. in this proceeding resists payment of interest on a claim filed against the estate on the ground that a demand for payment of the claim was not made for more than three years after its maturity and that knowledge of the said claim did not come to the attention of the said administrator c. t. a. until long after he was in a position to make payment of all claims against the estate. The claim in question is based upon three notes executed by the decedent during her lifetime, payable by their terms on her death or upon her demise. There is no dispute as to the consideration given for the notes and the administrator c. t. a. who received notice of their existence on January 20,1960 paid them in full, together with interest up to the date of decedent’s death on June 30,1956. The notes in question total $25,000 and interest thereon was paid by the administrator c. t. a. up to and including June 23, 1956. The question now before the court is whether interest on the said sum of $25,000 was due on the notes in question to the date of payment and if so the rate of the interest to be charged thereon. It is the opinion of this court that despite the fact that the administrator c. t. a. had no knowledge of the existence of the debt the estate nevertheless is liable for the payment of interest to the date when the notes were finally paid.
The cases cited by the administrator c. t. a. in support of his argument apply solely to instances in which an attempt was made to charge an indorser with liability. In all such cases proper demand for payment must be made pursuant to the provisions of the Negotiable Instruments Law. However, section 130 of the Negotiable Instruments Law specifically states: *520 ‘ ‘ Presentment for payment is not necessary in order to charge a person primarily liable on the instrument”. The cases examined by this court with respect to the interpretation of that statute clearly show that it is unnecessary to make a demand for payment on the maker of the note. (Baldwin’s Bank v. Smith, 215 N. Y. 76; Bush v. Gilmore, 45 App. Div. 89; Gordon v. Benguiat, 95 Misc. 132.)
There is evidence to indicate that the first temporary administrator appointed by the court in this matter was apprised of the existence of the notes shortly after the decedent’s death. It is difficult to ascertain why no further demand was made for a period of more than three years but as the law does not impose any obligation for the making of such a demand upon the maker of the note whether or not the demand was made and when it was made becomes immaterial.
The intent of the Legislature to preserve the rights of creditors of an estate is clear (Decedent Estate Law, §§ 170, 176) and research has disclosed that our courts have been just as diligent in preserving the rights of creditors to all interest which may be due either before or after the date of maturity (Matter of Van Fleet, 18 Misc 2d 230; Matter of Searles, 271 App. Div. 889). As the Appellate Division stated in Matter of Searles: “ Acknowledgment of the debt as due and owing carries with it the incidents of the original contract, one of which necessarily was the payment of the interest specified in the note.”
In O’Brien v. Young (95 N. Y. 428) the principle was established that interest which becomes due after the date of maturity is not due pursuant to the contract but rather as a penalty for the failure of the payment of the debt at maturity and must be regarded as damages for breach of the contract to make payment pursuant to the contract date. (See, also, Title Guar. & Trust Co. v, 2846 Briggs Ave. Corp., 283 N. Y. 512.)
Pursuant to the cases hereinabove-cited, interest to be awarded by the court for failure to pay the notes must be awarded at the established legal rate even though the note by its terms may call for the payment of interest at a lesser or greater rate (Matter of Title Guar. & Trust Co., v. 2846 Briggs Ave., supra). The claimant’s objections to the account of the administrator c. t. a. are therefore allowed and the administrator c. t. a. is directed to pay interest on the notes in question for the period between June 23, 1956 and June 30, 1960 at the rate of 6% per annum.
No objection having been made thereto the fees and disbursements of the attorney for the petitioner will be allowed in the sums requested.