McLaughlin, J. :
On the 13th of December, 1901, one Simon leased to the firm of Johnson & Anderson certain premises in the city of New York for a term of three years, at an annual rental of $4,000, payable in equal monthly installments in advance. On the twenty:eighth of May following the plaintiff purchased the premises from Simon,, subject to the lease, and in connection with the purchase the defendant Zimmermann guaranteed the payment of the rent reserved, by <p' instrument, of which the following is a copy :
“In consideration of the sum of one dollar, the receipt whereof is hereby acknowledged, I hereby guarantee the prompt payment of the rent reserved in the within lease executed between Emil Simon and the firm of Johnson & Anderson.
“Dated, New York, May 28, 1902.
“ JACOB A. ZIMMERMANN. ■ [l. s.]”
*203 Johnson & Anderson occupied the premises from the date of the lease to and including the month of October, 1902, and paid the rent reserved during that time. On the 29th of October, 1902, they were adjudged involuntary bankrupts in the United' States District Court for the southern district of New York and the rent for November, 1902, thereafter accruing, and not being paid, this action was brought to collect the same from the defendant under his guaranty. The plaintiff had a judgment in the Municipal ■ Court, which was affirmed by the Appellate Term, from which, by its permission, the defendant has appealed to this court.
The appellant contends that the adjudication in bankruptcy of Johnson & Anderson terminated the relation of landlord and tenant between them and the plaintiff, and, therefore, there was no rent due the plaintiff for the month of November, for which defendant could be held liable. In support of this contention our attention is called to several authorities in the Federal court, some of which, at least, sustain it,
Thus, in Matter of Jefferson (93 Fed. Rep. 948), Evans, D. J., reviewing a similar question, said: “ The court sees no way to avoid the conclusion that the relation of landlord and tenant in all such cases ceases, and must of necessity cease, when the adjudication is made. If the relation does cease the landlord afterwards has no tenant and the tenant has no landlord. * * * After the adjudication there is no obligation on the part of the tenant growing out of the leasé. * * * No obligation upon his part to pay rent can arise when he can neither use nor occupy the property.”
In Bray v. Cobb (3 Am. Bank. Rep. 788), Purnell, D. J,, said: “ The relations of landlord and tenant are severed by operation of the Bankrupt Law. The trustee of his estate may, after adjudication, occupy and use the rented or leased premises for the estate, but under such circumstances, it would be chargeable to the estate, not as rent under bankrupt’s contract, but as cost and expenses of administering the same.”
And in Matter of Hincicel Brewing Go. (10 Am. Bank. Rep. 484), Ray, D. J., said: “ The lease is terminated by an adjudication in any event.”
But our attention is also called to several authorities in the same courts holding an opposite view. Thus, in Matter of Ells (98 *204 Fed. Rep. 967), Lowell, J., said: “Had there been no clause giving the lessor the right to re-enter, the trustee in bankruptcy would have had a reasonable time to elect whether to assume or to refuse the lease. If he had assumed it, the bankruptcy would have Operf ated like any other assignment, and would have released the bankrupt from all liability,, except upon those of his covenants not already broken, which would have remained binding upon him after any other assignment. If the trustee had refused to take the lease, the bankrupt would have remained tenant as before.” Then, referring-to Matter of Jefferson (supra) in which an opposite view was expressed, he said : With all respect for the learned judge, I must think the above remarks made somewhat hastily, unless they are to-be taken as limited to the particular lease in question, or made to depend upon some peculiar provision of the statutes- of Kentucky. * * * It follows, then, that the lease here in question was not determined by the bankruptcy of the lessee, but only by the re-entry of the lessor.”
And in Matter of Mitchell (8 Am. Bank. Rep. 324) Bradford, JD. J., said : “ Reference was made * * * to the case of In re Jefferson. 44 * 44 I am by no means satisfied with the reasoning contained in the opinion in that case.”- (See, also, Matter of Gollignon, 4 Am. Bank. Rep. 250.) In addition to these authorities in the Federal courts there are two at least in the State courts to the same effect — White v. Grijfng (44 Conn. 437) and Bernhardt v. Gurtis (109 La. 171). In both of these cases a recovery of rent in a lease was sought against a guarantor. In the former-it was held that if the trustee did not accept the assignment of the leasehold estate of the bankrupt the lease remained the property of the bankrupt and, consequently, the*guarantor remained liable; and in the latter that the adjudication in bankruptcy did not terminate the lease nor relieve the guarantor from his liability.
It is thus seen that there is a diversity of opinion as to the effect of an adjudication in bankruptcy upon a lease, nevertheless, the weight of authority, as well as reason, we think sustains the contention that a discharge in bankruptcy does not terminate a lease or change the legal relation of landlord and tenant “ unless,” as stated in Brandenburg on Bankruptcy (3d ed. § 1171), “ the landlord re-enters or the trustee assumes the lease, in which event the adju *205 dication operates like any other assignment and all liability of the tenant ceases.”
In Parsons on Contracts (Tol. 3 [9th ed.], *489) the same view is expressed, in which it is said: “ If the assignee elects not to take, the lease remains in the bankrupt with all its advantages and all its burdens and free from all claims or right either of the assignee or of the creditors.”
I am also of the opinion that, even though it be held that the lease, by the adjudication, was so far terminated as to release the tenant from thereafter paying rent, this did not of itself affect the defendant’s guaranty or relieve him from liability thereunder. Section 16 of the Bankruptcy Law (30 U. S. Stat. at Large, 550) provides that “ the liability of a person who is a co-debtor with or guarantor or in any manner a surety for a bankrupt, shall not be altered by the discharge of such bankrupt.” This language seems to negative the idea that the adjudication had any effect upon the defendant. Hot only this, but to hold otherwise would destroy the benefit sought to be accomplished by the guaranty, which was the payment of the rent reserved if the tenant did not choose to, or by reason of insolvency could not, pay. The plaintiff took no part in the bankruptcy proceeding, and I am unable to see upon what principle of law a binding contract can be destroyed by an act of a third party in which a party to the contract did not participate and over whom he had no control.
Our conclusion, therefore, is that the lease was not terminated by the adjudication in bankruptcy, and as it does not appear that the trustee has taken possession under authority of the act, the tenant still remains liable for the payment of the rent, and that in any event the defendant under his guaranty is liable therefor in case of its non-payment.
It follows that the judgment appealed from must be affirmed, with costs. ■
Van Brunt, P. .J., Ingraham, Hatch and Laughlin, JJ., concurred.
Judgment affirmed, with costs.