(75 Misc. Rep. 289.)

SCOTT v. DEMAREST.

(City Court of New York, Trial Term. January, 1912.)

1. ABATEMENT AND REVIVAL (§ 13*)—ANOTHER ACTION PENDING.
     Pendency of an action in another state to recover rent cannot be pleaded in abatement in an action in New York on the same cause of action.
     [Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 92–98, 100; Dec. Dig. § 13.*]

2. BANKRUPTCY (§ 318*)—PROVABLE DEBTS—RENT TO ACCRUE.
     Rent to accrue on a lease not expired at the time of the tenant's bankruptcy is not a provable debt.
     [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 481, 482; Dec. Dig. § 318.*]

─────────────────────

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

3. BANKRUPTCY (§ 421*)—PROVABLE DEBTS—RENT TO ACCRUE—"FIXED LIA-
BILITY."
　　　Where tenant under a lease for a year is adjudicated a bankrupt, and
is granted his discharge before the expiration of the lease, claim for rent
accruing after filing of petition is not a fixed liability within the Bank-
ruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901,
p. 3418]), and provable against the estate, or released by his discharge.
　　　[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 772–774,
· 776, 777, 779–781, 783–786, 788–790; Dec. Dig. § 421.*]

Action by William Scott against Francis Demarest. Judgment for
plaintiff.

Louis W. Stotesbury, for plaintiff.
Franklin Bien, for defendant.

GREEN, J. This action is brought by the plaintiff to recover
for seven months' rent under a written lease executed between the
parties. The defense interposed is, first, that a prior action is pending
and undetermined in the court of Pennsylvania between the same par-
ties for the same subject-matter; and, second, that defendant has been
discharged in bankruptcy from the obligation in suit.

[1] As to the first defense of another action pending in another
state, that may readily be disposed of as without merit in that:

"A party may have pending actions against the same defendant to recover
the same indebtedness in different states at the same time, and the pendency
of the action in one state to recover a debt cannot successfully be pleaded in
abatement in an action in another state to recover the same debt. It is only
where one of the actions has ripened into a judgment that such judgment can
be pleaded in bar in the other action." Smith v. Crocker, 14 App. Div. 245,
43 N. Y. Supp. 427, affirmed without opinion 162 N. Y. 600, 57 N. E. 1124.

As to the defense of a discharge in bankruptcy, the question pre-
sented is whether the claim in suit on a written lease was "provable"
at the time the petition was filed and the adjudication in bankruptcy
made. The lease between the parties became operative and extended
from October 1, 1910, to September 30, 1911. The subject-matter
of the suit in bar is the rent for the months of March to September,
1911, both inclusive. The petition in bankruptcy was filed December
27, 1910, and the discharge in bankruptcy is dated July 5, 1911, and
under the provisions of the discharge the bankrupt was discharged
"from all debts provable against her estate which existed on the
27th of December, 1910." This action, it will be observed, was not
brought for rent accruing prior to the filing of the petition in bank-
ruptcy, and for such rent claim was duly presented in the bankruptcy
proceedings. It is true that in the schedules of the bankrupt there
was included "a claim under contract" which doubtless was intended
to refer, and did refer, to the lease in question between the parties
and to the rent thereafter to become due.

[2] Was such claim for rent provable in bankruptcy is the only
question involved from the facts in this case. The authorities seem

to be harmonious upon the principle herein presented. Loveland on "The Law and Proceedings in Bankruptcy," at page 234, § 120, says:

"It would seem that rent founded in contract of lease is a provable debt at the fixed and stated periods at which it falls due under the contract."

And to the same effect is Collier on Bankruptcy (Ed. of 1910) pp. 720, 721.

In Matter of Collignon, 4 Am. Bankr. Rep. 250, it is held that:

"It seems that rent to accrue on a lease not expired at the time of the bankruptcy cannot be liquidated, and is therefore not a provable debt nor affected by the bankrupt's discharge."

In Matter of Arnstein (D. C.) 101 Fed. 706, it is held that:

"Where a tenant of realty under a lease for a term of years becomes bankrupt, the landlord is entitled to prove a claim against his estate only for rent due at the time of the filing of the petition in bankruptcy, not for rent which would have accrued during the remainder of the term. Such unaccrued rent is not a fixed liability absolutely owing at the time of the bankruptcy, but only an unmatured obligation to pay in the future a consideration for the future enjoyment and occupancy of the premises."

In Watson v. Merrill, 136 Fed. 359, 69 C. C. A. 185, 69 L. R. A. 719, it was held that:

"Rents which the bankrupt had agreed to pay at times subsequent to the filing of the petition in bankruptcy do not constitute a provable claim under the Bankruptcy Law of 1898, because they are not a 'fixed liability * * * absolutely owing at the time of the filing of the petition against him,' and because they do not constitute an existing demand."

In Re Roth & Appel (D. C.) 174 Fed. 64, it was held that:

"Installments of rent which a bankrupt has agreed to pay at times subsequent to the filing of the petition in bankruptcy do not constitute 'a fixed liability * * * absolutely owing at the time of the filing of the petition' within the meaning of the Bankruptcy Act, and claims therefor are not provable debts against the estate."

The question has also been directly passed upon by the Appellate Division in this department. In Witthaus v. Zimmermann, 91 App. Div. 202–204, 86 N. Y. Supp. 315, 317, it was said:

"Nevertheless, the weight of authority, as well as reason, we think, sustains the contention that a discharge in bankruptcy does not terminate a lease or change the legal relation of landlord and tenant 'unless,' as stated in Brandenburg on Bankruptcy (3d Ed.) § 1171, 'the landlord re-enters or the trustee assumes the lease, in which event the adjudication operates like any other assignment and all liability of the tenant ceases.'"

[3] From these authorities it seems conclusively established that the claim for rent, the subject-matter of this suit, was not provable in bankruptcy, and even the filing of the claim for the remainder of the rent not yet accrued or due, or the schedule of the same by the bankrupt, would not and could not have made the same "provable"; and consequently I am of the opinion that plaintiff is entitled to judgment for the full amount claimed—$727.05—and I award judgment for the said amount; and let it be entered accordingly.

Judgment for plaintiff.