NATIONAL SURETY COMPANY, Respondent, *v.* BENJAMIN A. RUFFIN, Appellant.

Limitation of actions — practice — cause of action in favor of resident of this State accruing in and against resident of foreign State — limitation in foreign State of five years in which to commence suit — action brought in this State eleven years after accrual of cause of action not barred — section 390 of Code of Civil Procedure (Civ. Pr. Act, § 55) must be read with section 401 (Civ. Pr. Act, § 19) — word " return " in section 401 applicable to case of non-resident who entered State for first time when he was served.

1. An action brought to recover upon a cause of action which accrued in the State of Virginia more than eleven years before the commencement of the action, in favor of the plaintiff, a resident of this State, against the defendant who then was and ever since has

been a resident of the State of Virginia, in which State the limitation upon the right to bring such an action is five years, is not barred· by our Statute of Limitations. Section 390 of the Code of Civil Procedure (Civ. Pr. Act, § 55) providing that an action against a non-resident must be brought within the time limited by the laws of his residence unless that is shorter than the limitation fixed by. our statutes in which case the latter govern is not affected by section 390-a (Civ. Pr. Act, § 13), but is modified by section 401 (Civ. Pr. Act, § 19) which provides, " If, when the cause of action accrues against a person, he is without the State, the action may be commenced within the time limited therefor, after his return into the State."

2. A contention that this provision does not apply to the present case because the defendant was never a resident of the State and, therefore, it cannot be said that when he came within the State and was served it was a " return into the State," cannot be sustained. A Statute of Limitations is to be liberally construed in favor of the claimant, and such a word as " return " is not to be strictly interpreted but should be held to be applicable to the case of a non-resident who entered the State for the first time when he was served. (*Olcott* v. *Tioga R. R. Co.*, 20 N. Y. 210, followed.)

*National Surety Co.* v. *Ruffin*, 213 App. Div. 816, affirmed.

(Argued March 30, 1926; decided May 4, 1926.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 27, 1925, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

*Arthur W. Clement* and *Edward J. Keane* for appellant. The undisputed facts of this case show that plaintiff's claim accrued more than eleven years prior to the commencement of this action and that it is barred both by the New York and the Virginia Statutes of Limitation. (*Ross* v. *Graham*, 122 Misc. Rep. 574; *Whiting* v. *Miller*, 188 App. Div. 825; *Smith* v. *Western Pacific Ry.*, 154 App. Div. 130.)

*Abraham Benedict, Adam K. Stricker* and *Saul S. Myers* for respondent. This action is not barred by any Statute of Limitations. Section 390-a of the Code of

Civil Procedure, now section 13 of the Civil Practice Act, is controlling. (*Olcott* v. *Tioga R. Co.*, 20 N. Y. 210; *Smith* v. *Western Pacific Ry. Co.*, 154 App. Div. 130; *Ruggles* v. *Keeler*, 3 Johns. 264; *Whiting* v. *Miller*, 188 App. Div. 825; *Comey* v. *United Surety Co.*, 217 N. Y. 268; *Wiedenfeld* v. *Pacific Improvement Co.*, 267 Fed. Rep. 699; *Plummer* v. *Lowenthal*, 165 N. Y. Supp. 220; *Conn. Trust & S. D. Co.* v. *Wead*, 172 N. Y. 479; *Bassett* v. *Bassett*, 55 Barb. 505.)

HISCOCK, Ch. J. This action is brought to recover upon a cause of action which accrued in the State of Virginia more than eleven years before the commencement of the action in favor of the plaintiff, a resident of this State, against the defendant who then was and ever since has been a resident of the said State of Virginia. The only proposition argued on the appeal is the one that said cause of action had become barred by the Statute of Limitations and this question involves the consideration of three sections of the former Code of Civil Procedure and which now, in identical language, have been carried into the Civil Practice Act. As a matter of convenience we shall refer to the Code provisions. Prior to 1902 section 390 provided: " Where a cause of action, which does not involve the title to or possession of real property within the State, accrues against a person, who is not then a resident of the State, an action cannot be brought thereon in a court of the State, against him or his personal representative, after the expiration of the time, limited, by the laws of his residence, for bringing a like action, except by a resident of the State, and in one of the following cases:

" 1. Where the cause of action originally accrued in favor of a resident of the State."

In 1902 section 390-a was adopted providing: " Where a cause of action arises outside of this State, an action cannot be brought, in a court of this State, to enforce

said cause of action, after the expiration of the time limited by the laws of the State or country where the cause of action arose, for bringing an action upon said cause of action, except where the cause of action originally accrued in favor of a resident of this State."

In 1916 section 390 was amended so as to provide that in the case of a non-resident debtor an action must be brought within the time limited by the laws of his residence unless that is shorter than the limitation fixed by the laws of this State and in which case such latter laws should govern, and also by striking out the exception to such limitation in favor of a resident of this State where the cause of action had originally accrued in favor of such resident.

The limitation upon the right to bring such an action as this in the State of Virginia where it accrued is five years and defendant urges that because of his non-residence, under the provisions of section 390 this action must have been brought within six years after the cause of action accrued and that the lapse of eleven years between accrual and commencement of action necessarily barred it. I think that if this question was to be settled by the two sections to which reference has been made defendant's contention would be sustained. These two sections on their face purport to cover two different situations. The decisive feature of the limitation imposed by section 390 is that the defendant is a non-resident. That is all that is required by that section to bring into effect the limitation imposed by it. The decisive feature of section 390-a is that the cause of action accrued outside of the State and upon the face of the section that is all that is necessary to bring into effect the limitation and exception provided by that section. It is true that in a given case as in this one there might be present the decisive fact of each section, the cause of action accruing outside of the State and against a non-resident thereof, but we see no reason for holding that section 390-a was intended to

engraft an exception upon section 390 and that the Legislature intended to provide that a non-resident defendant who was entitled by reason of that fact to the benefits of section 390 was to be deprived thereof because the cause of action also accrued without the State. There does not seem to me to be any connection between the sections as there written which sustains any such intention or conclusion as that. The protection of one section is predicated solely on the fact of non-residence and we see no reason why this protection should be lost because, to the fact of non-residence of the debtor there is also added the fact that the cause of action accrued at the place of his residence. The other section considers simply the place of accrual of the cause of action and, so far as we can see, entirely ignores consideration of the place of residence of the proposed defendant. The obvious purpose of the provision as a whole is to prevent a non-resident claimant from coming into this State and prosecuting a claim whether against resident or non-resident under our Statutes of Limitations if they are more favorable to him than the statutes prevailing in the State where the cause of action arose. This view is reinforced by the amendment of section 390 in 1916 long after section 390-a had been passed. By that amendment, as has been remarked, the Legislature struck out of section 390 the exception theretofore prevailing in favor of residents of the State and it seems to me intended to emphasize the proposition that the feature of non-residence of a defendant was decisive under that section and was not affected by the provisions of section 390-a.

But we think that section 390 is subject to the provisions of section 401. The pursuit of legislative intent in preserving and presenting a combination of such sections as 390 and 390-a is rather difficult and illusory. We think, however, that it is safe to assume that the Legislature by section 390 as amended and now existing

never intended to drive residents of this State into other States for the purpose of preserving and enforcing their claims as against a Statute of Limitations. It probably has been the general understanding of the profession that extended absence from the State stopped the running of the Statute of Limitations as against a defendant while such absence continued and we think it is reasonably safe to assume that when the Legislature amended section 390 by striking out the exception in favor of a resident as it did in 1916 it was on the theory that the provisions of section 401 would apply for the benefit of such resident having a claim against a non-resident, and we think that the provisions of section 401 do qualify the provisions of section 390 and preserve the present claim against the Statute of Limitations. Section 401 is found in the title containing " General Provisions " governing the commencement of actions. It provides: " If, when the cause of action accrues against a person, he is without the State, the action may be commenced within the time limited therefor, after his return into the State." I suppose there can be no doubt that if the defendant, being a resident of the State had been without the State at the time this cause of action accrued, this provision would have preserved the right to bring an action upon it after the lapse of the ordinary Statute of Limitations. It is urged, however, that this provision does not apply to the present case because the defendant was never a resident of the State and, therefore, it cannot be said that when he came within the State and was served it was a " return into the State; " that there could not be a " return " by one who had never been there before. This argument, however, was overruled in *Olcott* v. *Tioga R. R. Co.* (20 N. Y. 210). The interpretation of this particular word was considered by Judge DENIO and, with the support of various cases both in this State and in England, he reached the conclusion that because a Statute of Limitations is to be liberally construed in favor of the

claimant, such a word as " return " is not to be strictly interpreted but should be held to be applicable to the case of a non-resident who entered the State for the first time when he was served.

Holding, therefore, that section 401 is applicable to the case of a defendant who was a non-resident and without the State at the time the cause of action accrued and always after that, we reach the conclusion that section 390 is modified by section 401 and that plaintiff's cause of action is not barred and that the judgment entered thereon should be affirmed, with costs.

CARDOZO, POUND, CRANE, ANDREWS and LEHMAN, JJ., concur; MCLAUGHLIN, J., not voting.

Judgment affirmed.