Electus T. Backus, Appellant, Respondent, v. William F. Severn, Respondent, Appellant.

First Department, June 8, 1928.

*Reginald Field* of counsel [*Frank Harvey Field*, attorney], for the plaintiff.

*William L. OBrion* of counsel [*E. C. Sherwood*, attorney], for the defendant.

MARTIN, J.  On Sunday, the 28th day of April, 1918, the plaintiff was driving in a westerly direction along the Boston Post road accompanied by his wife and two other people.  At about eight-thirty or eight-forty-five P. M. and at a point about two or three miles to the east of Stamford, Conn., a short distance west of Darien, the tire on the left rear wheel of plaintiff's automobile became flat.  He drove to the side of the road and came to a stop.  He says he was so far over to the right of the road that the left wheels of his car were only about two feet from the edge of the macadam.  He asserts the rest of his machine was off to the right, in the dirt and on the slag.

The plaintiff testified that the tail light was lighted; that he turned off the headlights; put on the dim lights and told his guests to be careful when getting out of the car.  About 150 feet away, in front of him and toward Stamford, was the bottom of a hill, known as Strangward's Hill.

The plaintiff says that he was just leaning over with the spare tire in his hands putting it on the wheel when he was struck and severely injured by the car owned and operated by the defendant.  The people who had been in the car of plaintiff and who had alighted therefrom, were standing in the rear of his car at the time of the accident.  They heard the impact of defendant's car with plaintiff's body.  They then found plaintiff lying unconscious

twenty-five feet away from his car at the side of the road in the direction in which defendant's automobile was proceeding.

The defendant did not approach the car of the plaintiff from the rear and was not traveling in the same direction. He approached from the front, and was proceeding down the hill from New York to Bridgeport, going in an easterly direction on the Post road.

There is very little difference in the testimony of the witnesses as to how the accident happened. It is admitted that defendant's machine struck the plaintiff. Two witnesses for the plaintiff also testified that defendant's car scraped the mudguard of plaintiff's automobile just before striking him.

The jury found a verdict for the defendant. The plaintiff contends that this verdict was the result of instructions to the jury to the effect that there was no evidence of negligent operation and that, if there could be any inference of negligent operation it must be drawn from the happening of accident.

The evidence introduced by plaintiff, if believed, clearly established negligent operation, in that the car of the defendant was operated so close to the plaintiff's vehicle that it scraped the mudguard and then struck the plaintiff.

The witnesses for the plaintiff testified that he left ample room for the passing of defendant's car; in fact there was testimony to the effect that two automobiles could very easily pass on the roadway alongside plaintiff's machine without striking it and that several cars did so pass.

If the facts were as testified to by the plaintiff's witnesses, the defendant was negligent and probably responsible for the accident and injuries received by the plaintiff.

The matter of the Statute of Limitations was before the court on a prior occasion; and it was then held that the statute was not a bar to this action. (127 Misc. 776.) Since that decision, the Court of Appeals has rendered an opinion to the same effect in the case of *National Surety Co.* v. *Ruffin* (242 N. Y. 413).

The order overruling the defense of the Statute of Limitations should, therefore, be affirmed, and the judgment and order denying a new trial should be reversed and a new trial ordered, with costs to the appellant to abide the event.

DOWLING, P. J., FINCH, McAVOY and PROSKAUER, JJ., concur.

Order overruling the defense of the Statute of Limitations affirmed, and the judgment and order denying new trial reversed and a new trial ordered, with costs to the appellant to abide the event.