CAROLINE WALZ, Plaintiff, *v.* HENRY M. MANSFIELD, Defendant.

Supreme Court, Washington County, July 16, 1932.

*F. Arthur Howland,* for the plaintiff.

*Harold W. Turner,* for the defendant.

HEFFERNAN, J. On August 24, 1930, plaintiff, a resident of the State of Pennsylvania, was a passenger in an automobile licensed by and registered under the laws of that State. Defendant, a resident of the county of Washington, this State, was the owner and operator of an automobile licensed by and registered under the laws of New York State.

On the date in question these two vehicles collided near Florida, in the State of Massachusetts, and as a result plaintiff sustained personal injuries.

More than a year later, and on November 13, 1931, she instituted this action against defendant, laying the venue in the county of his residence, to recover damages for the injuries inflicted, alleging that they were caused by his negligence.

Defendant asserts as a complete defense to plaintiff's suit the Statute of Limitation of the State of Massachusetts which is made applicable to this case by section 13 of the Civil Practice Act, reading as follows: " Where a cause of action arises outside of this state, an action cannot be brought in a court of this state to enforce such cause of action after the expiration of the time limited by the laws of a state or country where the cause of action arose, for bringing an action upon such cause of action, except where the cause of action originally accrued in favor of a resident of this State."

Plaintiff's action is not barred by our own Statute of Limitation (Civ. Prac. Act, § 49, subd. 6), unless it is barred by the Massachusetts statute. The effect of section 13 of the Civil Practice Act is not to substitute a foreign Statute of Limitation for our own but to impose it as an additional limitation. Thus an action, whether by a resident or a non-resident, must be brought within the time limited by our general Statute of Limitations; and, if it arose in a foreign State in favor of a non-resident, it cannot be brought after the time limited by the laws of the State in which the cause of action arose. (*Isenberg* v. *Rainier*, 145 App. Div. 256; *Kirsch* v. *Lubin*, 131 Misc. 700; affd., 223 App. Div. 826.) The obvious purpose of the provision as a whole is to prevent a non-resident claimant from coming into this State and prosecuting a claim whether against a resident or non-resident under our Statutes of Limitations if they are more favorable to him than the statutes prevailing in the State where the cause of action arose. (*National Surety Co.* v. *Ruffin*, 242 N. Y. 413.)

In order to obtain a determination of the question of law involved, prior to the trial of the other issues, the parties have agreed upon the facts. They have introduced in evidence the statutes of the State of Massachusetts, duly enacted and which were in force when plaintiff sustained her injuries.

Chapter 90 of the General Laws of 1921 of Massachusetts, as amended by the Acts of 1930, makes provision for compulsory motor vehicle liability insurance. No motor vehicle shall be operated on the highways of that State by a resident thereof, and by a non-resident for a period exceeding thirty days, unless it is registered in accordance with the statute. An applicant for the registration of a motor vehicle must obtain from an insurance company authorized to do business in the Commonwealth a certificate reciting that it has issued to the applicant a motor vehicle liability policy which provides indemnity for or protection to the insured and any person responsible for the operation of the insured's motor vehicle against loss by reason of the liability to pay damages to others for bodily injuries, including death at any time resulting therefrom, or consequential damages consisting of expenses incurred by a husband, wife, parent or guardian for medical, nursing, hospital or surgical services on account of bodily injuries sustained during the term of the policy. The policy must run for a period at least coterminous with that of registration. The certificate must be submitted to the Registrar of Motor Vehicles of the State. The Commissioner of Insurance of the State prescribes the form of the certificate and determines the amount of the premium to be charged.

No such contract of insurance shall be canceled or annulled by any agreement between the company and the insured after the said insured has become responsible for such loss or damage, and any such cancellation or annulment shall be void. Upon the recovery of a final judgment, if the judgment debtor was at the accrual of the cause of action insured against liability therefor, the judgment creditor shall be entitled to have the insurance money applied to the satisfaction of the judgment.

The applicant for registration may, in lieu of procuring a motor vehicle liability bond or policy, deposit with the Department of Public Works of the State cash, bonds, stocks or other evidences of indebtedness satisfactory to that Department. If a judgment is recovered against the applicant the Department is required to pay to the judgment creditor a sum sufficient to satisfy the judgment.

Section 2 of chapter 260 of the General Laws of 1921 of Massachusetts provides that actions of tort shall be commenced only within six years after the cause of action accrues.

Section 9 of the same chapter is to the effect that when a cause of action accrues against a person who resides outside of the Commonwealth, the time of such residence shall be excluded in determining the time limited for the commencement of the action.

Section 4 of such chapter, as amended by the Acts of 1931, chapter 438, being the section upon which defendant relies, provides that " actions of tort for bodily injuries or for death the payment of judgments in which is required to be secured by chapter ninety * * * shall be commenced only within one year next after the cause of action accrues."

It, therefore, appears that, pursuant to section 2 of chapter 260, in tort actions generally in Massachusetts the six-year Statute of Limitation is applicable. This section also applied to personal injury actions until the adoption of the compulsory insurance statute in 1930 at which time the one-year limitation for personal injuries was adopted. The six-year limitation for actions of tort was not repealed. The failure of the Legislature to make any change clearly shows that the lawmakers intended that the one-year limitation should apply only to actions " payment of judgments in which is required to be secured by chapter ninety " and that the six- year period should continue to apply to all other tort actions.

In the stipulation it appears: " That at the time of said collision, the defendant did have liability insurance of the character referred to in section ninety." The policy of liability insurance which defendant had was written by the Merchants Mutual Casualty Company by an agent at Greenwich, N. Y., and ran for a period of one year from the date of issue. That company was then authorized to transact business in Massachusetts.

The parties have stipulated that under the provisions of chapter 90 by reason of defendant's operation of his automobile upon the highways of Massachusetts he signified his agreement that due process out of the courts of that State might be served upon him by delivery thereof to the Registrar of Motor Vehicles.

Defendant contends that because he was protected by liability insurance he is within the contemplation of the Massachusetts statute of compulsory insurance and entitled to the beneficial provisions of the short Statute of Limitations of that State. In this, it seems to me, he is clearly mistaken. Defendant invokes the protection of the statute relating to compulsory insurance without compliance with any of its provisions. He merely carried liability insurance on his car. His automobile was not registered under the Massachusetts statute. He procured no insurance policy in that State to be filed with the Registrar of Motor Vehicles. He deposited no securities with the Department of Public Works in lieu thereof. If plaintiff should succeed in her action she cannot obtain payment of her judgment against defendant in the State of Massachusetts. The authorities of that State have neither an insurance policy nor any securities out of which the execution might be satisfied. I am, therefore, of the opinion that plaintiff's cause of action is barred neither by the laws of Massachusetts nor by the laws of New York and that such defense should be stricken out.