In the Matter of the Estate of WILLIAM M. QUIRK, Deceased.

Surrogate's Court, Broome County, March 30, 1934.

CLAIM against estate of decedent on bond for support of children.

*Rollin W. Meeker*, for the executor.

*McManus & Buckley*, for the claimant.

*Edward F. Ronan*, special guardian for infants.

BAKER, S. The matter under consideration is a claim against the estate upon a bond in the principal sum of $500, together with interest in the amount of $1,005, aggregating $1,505. Said claim was presented on April 28, 1932, by the claimant Anna E. Quirk to the executor herein. Said executor duly rejected the same, and it is now being tried, by consent, upon the final accounting herein. Answers by the executor and the special guardian plead the six- and twenty-year Statutes of Limitations as a defense.

It appears from the evidence herein that said decedent and the claimant were married in 1879 and that five children were born of said marriage; that in January, 1898, the decedent abandoned his wife, the claimant, and their said children at Binghamton, N. Y., and took up his residence in the State of Pennsylvania; that they were divorced in the spring of 1898, and that at that time three of the children of the marriage were living, Clinton, fourteen, William, Jr., twelve, and Jessie ten, all of whom were residing with their mother, the claimant, at 67 Walnut street, Binghamton, N. Y.; that at the time of the granting of said divorce the claimant was a resident of Binghamton, N. Y., and said decedent was a resident of New Castle, Lawrence county, Penn., said claimant having at all times retained her residence at Binghamton, N. Y.

It also appears that at the time of said divorce said decedent, William M. Quirk, executed and delivered, while such a resident of New Castle, Penn., a bond dated April 14, 1898, which is Exhibit A herein, and upon which this claim is based. Said bond, in addition to other provisions therein, provided that said testator, his heirs, executors, administrators, or any of them, should pay or cause to be paid unto said claimant, Anna Quirk, or her executors, administrators or assigns, the just and full sum of five dollars per week from the date of said bond until testator's youngest child became nineteen years of age, said five dollars per week to be for

the support and maintenance of his said children, and should be paid weekly.

The evidence herein shows that said claimant maintained, supported, clothed and educated the children until they were grown up, the period ranging from four to twelve years, but that said testator failed to make said payments as covenanted and agreed by said bond, excepting for a period of about six months following the execution thereof, and that the only payments made in addition thereto was the sum of ten dollars paid in July of the following year.

The evidence herein satisfactorily establishes that said testator not only was a non-resident of the State of New York at the time of the execution and delivery of said bond, Exhibit A, but that he continued to be a non-resident until 1923, when he returned to Binghamton, N. Y., where he resided until the time of his death, which was March 2, 1932. During all of said period from the early part of 1898 to 1923 said decedent was a non-resident, residing in various other places and States.

The questions raised involve the construction of sections 13, 19 and 55 of the Civil Practice Act.

It will be noted that Exhibit A herein is an instrument under seal and is, therefore, not governed by the six-year Statute of Limitations but must be judged by the twenty-year limitation; and, further, it must be borne in mind that the claimant's right of action accrued against the decedent while he was a resident of the State of Pennsylvania and that said cause of action arose outside the State of New York, but that at all times claimant was a resident of the city of Binghamton, State of New York; and, further, that the decedent took up a residence in this State in 1923.

The controlling provision of the limitation imposed by section 55 is that the defendant be a non-resident. And the controlling feature of section 13 is that the cause of action accrued outside of the State of New York. So it is seen that in this case the decisive fact of each section, the cause of action accruing outside of the State and against a non-resident thereof, exists.

It is quite evident, however, that the claimant, at all times in question, being a resident of New York, is within the exception of section 13 of the Civil Practice Act, and that, therefore, the New York statute applies. An important question is whether or not section 55 of the Civil Practice Act is subject to the provisions of section 19 of the Civil Practice Act. This was settled by the Court of Appeals in the case of *National Surety Co.* v. *Ruffin* (242 N. Y. 413). The court in that case held that section 55 of the Civil Practice Act is modified by section 19 and that the cause of action was, therefore, not barred.

I find that $500, the full sum of the bond in question, became due and payable and remained unpaid from November 1, 1900, together with interest thereon amounting to $1,005, and hereby allow the claimant's claim herein in the total amount of $1,505 as being a just claim against this estate.

A decree to be entered in conformity herewith.