**In re SOROKO.**

**No. 73240.**

District Court, S. D. New York.

July 5, 1940.

Aaron Maze, of New York City (Allen H. Suffern, of New York City, on the brief), for objecting creditor.

Charles H. Finkelstein, of New York City (Harold Epstein, of New York City, of counsel), for bankrupt.

BONDY, District Judge.

The referee recommends that the third specification of objections be sustained and a discharge denied, on the ground that the bankrupt knowingly and fraudulently swore falsely to a material fact in omitting from his verified schedules an indebtedness

owing by his brother-in-law and in swearing, when examined by the referee, that no one owed him any money.

A bankrupt is not entitled to his discharge if the court is satisfied that he has knowingly and fraudulently made a false oath in the proceeding. Sections 14, sub. c(1), 29, sub. b(2), Bankruptcy Act, 11 U.S.C.A. §§ 32, sub. c(1), 52, sub. b(2). The evidence submitted by the objecting creditor herein undoubtedly was sufficient to cast upon the bankrupt the burden of proving that he had not committed such an offense. Section 14, sub. c, Bankruptcy Act.

The bankrupt introduced evidence to the effect that his attorney advised him that recovery of the debt due from his brother-in-law was barred by the statute of limitations and therefore the debt need not be listed in his schedules. He, however, did not establish that his schedules properly omitted the obligation or that his statement under oath to the referee that no one owed him any money, was true. As the referee points out, the statute of limitations does not extinguish a debt. It merely affords a defense to an action for the recovery thereof. Moreover, it is not clear that the period of limitation had expired, in view of the possible non-residence and absence of the bankrupt's brother-in-law from the state. See Section 19, N.Y.Civil Practice Act, National Surety Co. v. Ruffin, 242 N.Y. 413, 152 N.E. 246.

Accordingly, it may be assumed that the advice given to the bankrupt by his attorney was erroneous and that the bankrupt has not established that his statements under oath on the two occasions were true. The statute, however, bars a discharge only if a false oath was made "knowingly and fraudulently", that is, if the false statement constituted an "intentional untruth." In re Slocum, 2 Cir., 22 F.2d 282, 285.

If a bankrupt makes a full and fair disclosure of the facts to his attorney and actually and in good faith relies upon his attorney's advice in preparing his schedules and in answering questions upon his examination, he can not be held to have intentionally testified falsely. Collier, Bankruptcy 14th Ed., pages 1316, 1321.

The referee reports that, assuming the testimony of the attorney to be true, the bankrupt did not fully or fairly set forth to him the facts from which the attorney could advise him whether his claim against his brother-in-law was barred by the statute of limitations and that the fact that this failure by the bankrupt may have been due to the failure of the attorney to elicit this information because of his ignorance of the law, can not avail the bankrupt. It, however, does not appear in what respect the bankrupt's statement of the facts to his attorney was not a full and fair statement. The evidence adduced at the hearing before the referee with respect to the obligor's residence in Massachusetts and absence from New York is no more extensive than the bankrupt's statement to his attorney. Moreover, the statement of the facts by a bankrupt to his attorney may be a full and fair disclosure, such as will negative any fraudulent intent upon the part of the bankrupt, if the bankrupt stated all the facts which he and his attorney believed to be relevant. Ignorance of the law on the part of the bankrupt and his attorney may lead the attorney to advise his client without a knowledge of relevant information in the possession of the client. This may result in the bankrupt's statements under oath being false, but it does not itself render the statements intentionally false.

If, however, the bankrupt did not actually and in good faith rely upon his attorney's advice, in preparing his schedules and in answering the question of the referee, he can not take advantage thereof. While the referee questions whether the bankrupt did so rely, he makes no finding with respect to this issue. Nor does the referee make any finding that the attorney advised the bankrupt in regard to the obligation in question.

The matter is resubmitted to the referee for further proceedings in accordance herewith.