## PARSLOW v. UNITED STATES.

### Civ. No. 3148.

United States District Court
N. D. New York.

Dec. 9, 1949.

Charles E. Hardies, Jr., Amsterdam, N. Y., Harry V. Borst, Amsterdam, N. Y., for plaintiff.

Irving J. Higbee, United States Attorney for Northern District of New York, Syracuse, N. Y., for the United States, Edmund Port, Syracuse, N. Y., of counsel.

FOLEY, District Judge.

This action was commenced and tried before the Court under the provisions of the Federal Tort Claims Act, 60 Stat. 842, 61 Stat. 722, 28 U.S.C.A. §§ 1346, 2671 et seq. The evidence vigorously presented by the respective parties at the trial of the action creates the usual distressing dilemma for the court to decide extremely close factual questions. It is the typical situation where honest witnesses differ as to important facts, where admissions were said to be made by one side and emphatically denied by the party against whom the alleged admission is directed. It is the borderline situation where the proof must be weighed as scientifically as humanly possible in accord with legal standards in order to promote judicially the interests of justice. It results in the searching struggle within the mind of the court for the truth which often

advantageously to everyone concerned is left to the good judgment and common sense of the trial jury.

After much deliberation, I am inclined to the side of the plaintiff in this action. From the testimony of the entire case, it is my judgment that the weight and preponderance of the credible evidence establishes his cause of action as to the issues of contributory negligence, negligence, and serious personal injury. It seems necessary, particularly because of the serious problem presented as to the freedom from contributory negligence on the part of the plaintiff and the proof of the actionable negligence of the government employee involved to discuss the testimony which I believe supports the claim of the plaintiff in those respects.

The attorney for the government in his motion to dismiss at the trial and in his brief seriously urges that under the circumstances of the accident as disclosed by the testimony of the parties the plaintiff was guilty of contributory negligence as a matter of law, or at least fact. I cannot accept that conclusion under the evidence. The defendant seeks to draw the inference that the plaintiff was getting into his car or out of his car when he was struck by the truck licensed in the name of the United States Department of Agriculture and operated by its authorized employee. Such inferences are directly contradicted by the testimony of the plaintiff, his brother Clinton Parslow, and his sister-in-law Mildred Parslow who were in the front seat of the car with the plaintiff when the accident occurred. There is no support for such inference in the testimony of the disinterested witnesses Parr and McAllister, who were following the government truck. Nor is there any support for such inference of "getting in" or "getting out" on the part of the driver of the government truck himself who testified that the only thing he saw was a door "come open and closed." The only support for such inference must come from the testimony of Trooper Goodrow and Earle Douglass, an official of the U. S. Department of Agriculture. Because of the physical condition of the plaintiff at the time of the alleged admission to Good-row at the scene of the accident, and the natural interest of Douglass evidenced by his visit to the hospital to see the plaintiff, I do not attach much weight to such testimony to allow it to override the preponderance in favor of the plaintiff in that respect.

■ It is important to determine whether or not admissions were made; if made, the condition and circumstances under which they were made, and the effect thereof, and their probative weight or value, which may range from the lowest, or none at all, to conclusiveness. Gangi. v. Fradus, 227 N.Y. 452, 125 N.E. 677.

■ The plaintiff proved by a preponderance of the evidence that he was off the highway, with his left wheel from two to three feet from the south edge of the concrete highway with the lights on his car and his personal position being with his right foot inside his car, his left foot on the ground with the left door against it, and his left arm around the left end of the door he was holding partially closed. I think that the position of his left arm around the door is corroborated by the physical injury itself to his left arm, hand and wrist. The distance of the left wheels, which is very important in my judgment on the issue of contributory negligence, was testified to as from two to three feet by Parr, McAllister, and described by Walker, the government driver, without hesitation as "off the highway." Under such circumstances and under the emergency in which the plaintiff found himself, I cannot reasonably see that he should be barred as one who contributed to the accident by placing himself or allowing himself to remain in a place of danger. With his location off the highway at the time of the collision, I cannot conclude that he did something or failed to do something that deviated from the action of the reasonable man to such an extent that he should be charged with contributory negligence as a matter of law or fact.

The government in this action in my judgment has not shown the grossly careless action of the plaintiff found in Valanda v. Baum & Reissman, 3 Cir., 113 F.2d 188.

Nor can I fit the plaintiff into the category of the one who places himself in danger in the New York authorities cited by the defendant in its brief. I believe the following New York authorities support the plaintiff on this issue of contributory negligence: Dority v. Townley, Sup., 56 N.Y. S.2d 473; Tooley v. State of New York, 141 Misc. 4, 252 N.Y.S. 278, affirmed 235 App.Div. 656, 255 N.Y.S. 846; Id., 259 N.Y. 658, 182 N.E. 223; Quinn v. Eckels, 209 App.Div. 890, 205 N.Y.S. 947, affirmed 240 N.Y. 572, 148 N.E. 710; Backus v. Severn, 224 App.Div. 72, 229 N.Y.S. 376; Theil v. Radetzky, 254 App.Div. 604, 2 N. Y.S.2d 867.

The question of proof to support the claim of plaintiff as to the actionable negligence of the defendant by its operator is also close and requires discussion. It seems to me, however, that the testimony of McAllister and Parr, the disinterested witnesses, and the testimony of Walker himself, affords substantial evidence to balance the scales in favor of the plaintiff.

The important element of the speed of the truck at the time of the collision is established at or near 30 miles per hour. Walker testified to substantially the same speed except in answer to a question by the court he said that at the time of passing he took his foot off the gas and put it over on the brake pedal for an emergency if he had to stop. The question as to oncoming traffic at the time of the collision as testified to by Walker is directly contradicted by Parr and McAllister. McAllister testified, "he was creeping up on the truck, and started to edge out to the center, to get a view of what was coming from ahead, *and there was nothing coming ahead* (Italics mine, page 126 tr.). Parr, who chased the government truck after the accident, testified that the McAllister car pulled to the left or north side of the highway immediately at the time of the accident (Pages 94, 96 tr.) There was also testimony that the driver of the government truck did not sound his horn before the time of passing.

From the testimony alone indicated, it is my judgment that it supports the claim of the plaintiff in reference to the negligence on the part of Walker. It would seem that if Walker had acted as the reasonable, prudent man under the circumstances when he saw the car of the plaintiff park off the highway, being 100 to 200 feet behind it, he should have slowed his car to a much more substantial degree than he did at the time of passing. He had the duty of blowing his horn and, most important, under the condition of traffic which I accept from the witnesses of the plaintiff, he had considerable room to drive his heavily loaded truck to the left and safely pass the parked car of the plaintiff. This would not seem to impose an unreasonable burden upon the defendant under the circumstances when it appears that the rack body of the truck extended one or two feet over the rear wheels. These are the acts of omission and commission as I see them which from the evidence make the government liable in this action.

There is little dispute as to the injuries sustained by the plaintiff and the percentage of permanent disability to the hand and wrist. However, the plaintiff by his own testimony minimized the extent to which the disability will impair his future earnings.

The full percentage of allowance of attorneys fees as set forth in the Federal Tort Claims Act is hereby allowed to the attorney for the plaintiff out of the judgment, if he so desires.

My findings of fact are these:

That on October 25, 1947, at the time of the accident, plaintiff was parked with his lights on and with the left wheels of his car three feet from the edge of the concrete highway, facing easterly on the Schenectady-Troy road, N. Y. State Route No. 7.

That said concrete highway is a two-lane highway, straight and level at the point of the accident and dry at the time of the accident.

That the plaintiff at that time and place had driven off the highway because of a flat tire and at the time of the accident he had his right foot inside his car, his left

foot on the ground with the left door pulled against it and was reaching for his ignition keys when he was struck by the truck licensed in the name of the United States Department of Agriculture and operated by its authorized agent, Homer F. Walker.

That the said truck in overtaking and passing the car of the plaintiff was proceeding at a speed of 30 miles per hour; did not give any warning to the plaintiff of its approach; did not decrease its speed and did not pull to the left to avoid the plaintiff although the highway was clear and there was no oncoming traffic approaching.

That the said truck was loaded with more than nine tons of trees at the time of the accident.

That the accident was not occasioned by any negligence on the part of the plaintiff but was caused by the negligence of the defendant by its operator, Homer F. Walker.

As a result of the accident, plaintiff sustained loss of earnings in the past in the amount of $1662.50.

Plaintiff sustained medical expenses and hospital expenses in the total amount of $547.14.

■ A fair sum to compensate him for his pain and suffering is $1500.

■ That the said plaintiff has a fifty percent impairment in his hand and wrist, and in view of his carpentry trade, despite his testimony as to his present ability to work, in view of his life expectancy and the nature of the injury, his future loss of earnings will be $1000.

My conclusions of law are that the court has jurisdiction of the subject matter and the parties; that the plaintiff was free from contributory negligence and the defendant by its operator was negligent under the circumstances; that the plaintiff is entitled to compensatory damages in the total amount of $4709.64.

Judgment for the plaintiff may enter accordingly.