IDONAH S. PERKINS, Plaintiff, *v.* CLYDE A. DE WITT, Defendant.

Supreme Court, Special Term, New York County, December 19, 1949, on reargument, January 10, 1950.

*Alexander Pfeiffer* and *Clarence S. Barasch* for plaintiff.

*Martin Taylor* and *Paul Douglas Nulle* for defendant.

BOTEIN, J. Plaintiff has moved to strike four complete defenses and one partial defense upon the ground that it appears on the face of each that they are insufficient in law.

The gravamen of the complaint is that defendant obtained certain certificates for shares of stock in Benguet Consolidated Mining Company (hereafter called Benguet) which belonged to plaintiff, and that he has received stock and cash dividends upon the shares.

The first defense alleges, at some length, the history of certain litigation between plaintiff and her husband concerning the ownership of shares of stock of Benguet. In summary, it pleads that defendant rightfully acquired the shares of Benguet with which this action is concerned from plaintiff's husband; and that the latter has been held, by two judgments rendered by courts of the Philippine Islands and Philippine Republic, to be entitled to full control and authority over the shares as conjugal property of plaintiff and her husband. The first of these judgments was rendered in 1930. Its effect was dissipated by the decision of the Court of Appeals in *Perkins* v. *Guaranty Trust Co.* (274 N. Y. 250) an action brought by plaintiff's husband to secure physical possession of the certificates for the Benguet shares. It was there determined that the prior 1930 Philippine judgment was not *res judicata* and that the shares were not conjugal property but solely property of plaintiff. Following this, plaintiff's husband instituted another action in the Philippines and in 1947 obtained a judgment, based upon an opinion which refused to recognize the decision of our Court of Appeals in *Perkins* v. *Guaranty Trust Co.* (*supra*). This opinion again held the shares of stock of Benguet to be conjugal property of plaintiff and her husband.

In rejecting Mr. Perkins' contention of *res judicata* based upon the first Philippine judgment, the Court of Appeals held that the issue of ownership of the Benguet shares had been excised from that litigation and as a consequence the determination made was not an adjudication estopping Mrs. Perkins from litigating the issue of ownership (*Perkins* v. *Guaranty Trust Co., supra,* pp. 264–265). Accordingly, the Court of Appeals undertook to determine upon the merits the issue between Mrs. Perkins and her husband as raised by the pleadings in the case before it and held the shares to be Mrs. Perkins' sole property (p. 262). The judgment that was entered upon that decision is conclusive upon the issue of ownership of the shares and precludes any attempt at relitigation (*Kinnier* v. *Kinnier,* 45 N. Y. 535; *Culross* v. *Gibbons,* 130 N. Y. 447). When, therefore, the court in the Philippine Republic entertained and determined the relitigated issue of ownership of the Benguet shares it undertook and performed judicial acts which may not be recognized as effective under our system of jurisprudence. The first defense is insufficient in law and will be stricken as such:

The second and third defenses, which plead Statutes of Limitation, require a consideration of the nature of plaintiff's causes of action. As has been stated, they are founded essentially upon allegations sounding in conversion. Although plaintiff contends, relying upon *Dumbadze* v. *Lignante* (244 N. Y. 1) that her second and fourth causes of action are grounded in fraud, that contention is untenable. Within the action there is alleged no fiduciary relationship between the parties nor is there asserted any essential element of fraud, such as were alleged in the *Dumbadze* (*supra*) case. The plaintiff's causes of action therefore did not accrue upon discovery of the facts (Civ. Prac. Act, § 48, subd. 5), but upon commission of the acts of which plaintiff complains, and the sufficiency of the pleas of limitation will be determined upon that postulate.

The second defense pleads that the causes of action arose in the Philippine Islands. Under its laws, actions of such a nature may be brought only within four years after accrual. This action not having been brought within that period, defendant contends it is barred by section 13 of the Civil Practice Act. Since the complaint contains no allegation that plaintiff is a resident of this State and since the defense alleges the nonresidence status of the plaintiff, the sufficiency of the defense for the purpose of this motion must be considered upon the assumption of plaintiff's nonresidence (*Ansbacher* v. *New York Trust Co.,* 280 N. Y. 79, 85).

Section 13 of the Civil Practice Act by its terms limits the time for the commencement of an action by a nonresident where the cause arises outside of the State to the shorter of the periods of limitation prescribed by either the laws of the place where the cause of action arose or by the laws of this State. As the defense alleges that the Philippine Statute of Limitations is four years and since the period of limitation of this State has been since 1936 and now is three years (Civ. Prac. Act, § 49, subd. 7; *Gottfried* v. *Gottfried,* 269 App. Div. 413; *Mintzer* v. *Windsor Lamp Mfg. Co.,* 175 Misc. 551) the period of limitation of this State must be applied. In arriving at a conclusion as to which statute, foreign or domestic, governs, under section 13, the statutes in existence at the time of litigation and not at the time of accrual of the cause should be applied, for the Legislature, within reasonable limitations not pertinent herein, has full power to pass or amend Statutes of Limitation and no one has a vested interest in the time within which he may commence any action (*Gilbert* v. *Ackerman,* 159 N. Y. 118; *Morse* v. *Gold,* 11 N. Y. 281).

Since the period of limitation of this State governs, the integrated structure of our related legislation must be applied as a whole. Section 19 of the Civil Practice Act tolls our period of limitation in an action against a nonresident until he shall come into the State. Defendant has alleged continuous nonresidence to March 22, 1948, shortly before the commencement of this action, and is therefore to be considered a nonresident (Civ. Prac. Act, § 476). Although plaintiff is also to be considered for the purpose of this motion as a nonresident (*Ansbacher* v. *New York Trust Co.,* 280 N. Y. 89, *supra*), the Statute of Limitations of this State is tolled for the entire period of defendant's nonresidence (*National Sur. Co.* v. *Ruffin,* 242 N. Y. 413). Only if the Philippine period of limitations were less than the New York period would the tolling provisions of section 19 not apply. The second defense is also stricken. [See reargument.]

The third defense pleads the lapse of more than six years between the accrual of plaintiff's causes of action and the commencement of the action in bar of enforcement under the Statute of Limitations of this State. Again, however, section 19 of the Civil Practice Act becomes operative. Defendant having alleged his status to be that of a nonresident until immediately preceding the commencement of the action, even though plaintiff be considered a nonresident, the period of limitations cannot be held to have expired (*Meyers* v. *Credit Lyonnais,* 259 N. Y. 399). Accordingly, the third defense is held to be insufficient.

·The fourth defense, which pleads a moratorium enacted by the Government of the Philippine Republic, is also insufficient. The moratorium alleged applies only to debts and monetary obligations payable within the Philippines. Plaintiff's causes of action are not brought to recover upon a debt or monetary obligation payable within the Philippines. Moreover, the moratorium does not seem to possess any extraterritorial effect. Even if it does it would be rejected in this State (*Perry* v. *Norddeutscher Lloyd,* 150 Misc. 73; *Glynn* v. *United Steel Works Corp.,* 160 Misc. 405; *Feuchtwanger* v. *Central Hanover Bank & Trust Co.,* 27 N. Y. S. 2d 518, affd. 263 App. Div. 711, affd. 288 N. Y. 342).

The second partial defense alleges the pendency of an action in Ohio by plaintiff against Benguet to recover dividends which plaintiff claims in this action. Apart from the fact that the other action is not between the same parties (*General Investment Co.* v. *Interborough R. T. Co.,* 200 App. Div. 794, 802), its pendency in another jurisdiction is not a bar to the maintenance of another action in the courts of this State (*Scott* v. *Demarest,* 75 Misc. 289; *Squier* v. *Houghton,* 131 Misc. 129). This defense is insufficient in law and is stricken.

Settle order in accordance with the foregoing.

(On reargument, January 10, 1950.)

After the original decision, upon the motion directed to the sufficiency of defenses, counsel for defendant brought to the attention of the court the fact that chapter 558 of the Laws of 1936, which changed the period of limitation for commencement of an action for conversion from six years to three (§ 1), provides that all causes of action arising before its effective date shall be governed by existing law (§ 2). It has been held that in such a case the six-year period of limitation is applicable (*Pollack* v. *Warner Bros. Pictures, Inc.,* 266 App. Div. 118).

This requires a re-examination by the court of its previous decision insofar as the second defense is concerned. Since it now appears that the Philippine period of limitation is shorter than the New York period, the Philippine period of limitation, as a matter of pleading, may be asserted as a sufficient defense (Civ. Prac. Act, § 13; *Young* v. *DiStefano,* 273 N. Y. 663; *Heinzelman* v. *Union News Co.,* 191 Misc. 267, 268). Accordingly, the letter of defendant's counsel will be regarded as an application for reargument. Upon such reargument that branch of the motion addressed to the second defense is denied. Settle order in conformity herewith.