Matthew M. Levy, J.
This is a motion hy the defendant to vacate a warrant of attachment, to release certain policies of life insurance therefrom and for other relief. The application is grounded upon the plaintiff’s alleged failure to comply with the condition subsequent imposed by section 922 of the Civil Practice Act, which provides that certain action must be taken within 90 days from the issuance of the warrant, in order that the legal efficacy of that process may be preserved.
The language of subdivision 1 of that section here material is that “ the sheriff ” to whom the warrant is directed is to “ commence an action or special proceeding to reduce to his actual custody all such personal property capable of manual delivery, and to collect, receive and enforce all debts, effects and things in action attached by him ”. Subdivision 2 of section 922 reads in full as follows: “ 2. In the event that within ninety days from the date of the service of the warrant, unless the time has been extended as herein provided, and in that event prior to the expiration of the time as so extended, the sheriff has not taken into his actual custody all such property capable of manual delivery, or has not received payment, or an assignment evidencing the right of the sheriff to collect and to enforce the debts, effects or things in action attached, and if no action or special proceeding for that purpose has then been commenced by the sheriff or by the plaintiff jointly with the sheriff, as herein or hereinafter authorized, the levy shall he void as to any such personal property not so reduced to the sheriff’s custody, paid, collected or assigned to him as to which no such action or special proceeding is pending, and after the expiration of such time the sheriff shall have no right thereunder to take into his actual custody any such property capable of manual delivery, or to collect or receive any such debts, effects or things in action, nor shall the sheriff or the sheriff and plaintiff jointly, have any *275 right to commence an action or special proceeding thereunder to secure or collect the same.”
It is conceded that nothing was done in New York since the issuance of the warrant in 1953, but it is claimed by the plaintiff that that was because of the defendant’s allegedly fraudulent and delusive tactics, and it is urged that certain proceedings instituted by the plaintiff in the State of New Jersey are compliance with the mandate of the statute. "While I have been unable to find any precedent on the subject, I am of the view that — irrespective of the factual assertions — the proceedings in New Jersey do not suffice to avoid the inexorable effect of nonaction in New York.
Section 922 refers to “ the sheriff ” and what he is to do. That can mean only the New York sheriff to whom the warrant of attachment is directed. And, as to the prescribed “ action or special proceeding ” “ commenced by the sheriff or by the plaintiff jointly with the sheriff ” and as to their “ right to commence an action or special proceeding” to reduce the res to possession — that (it seems to me) means a suit in the State of New York, and not elsewhere. The section, when read in its entirety and in all of its subdivisions, makes clear that it contemplates proceedings in this State as a means of implementing the exercise of this State’s jurisdiction over the property attached or to be attached. The action in New Jersey (even were the plaintiff successful there) would in no way bring any property into the possession of the New York sheriff and thus within the effective purview of the New York warrant of attachment. And it is plain that the levy becomes void in the event of the failure to reduce to custody or to commence suit for that purpose within the time limited by the statute (Nemeroff v. National City Bank, 262 App. Div. 145).
Moreover, as a matter of simple statutory construction, an analogy comes to mind. The Rules of Civil Practice provide for the dismissal of a cause of action when ‘ ‘ there is another action pending between the same parties for the same cause ” (Rules Civ. Prac., rule 106, subd. 3; rule 107, subd. 3; rule 109, subd. 3). It is established law, however, that dismissal is not to be had on the ground of pendency of action if that action is pending in another State (Oneida County Bank v. Bonney, 101 N. Y. 173; Perkins v. De Witt, 197 Misc. 369). The language of section 922 is in similar vein and is similarly to be understood.
The motion is granted to the extent of declaring the levy void and releasing the policies of insurance from the warrant of attachment. Settle order accordingly.