John D. Bennett, S.
This is an application by the ancillary administrator of this estate, wherein relief is asked that his account be judicially settled as filed, and for a determination of the claim of Gertrude W. Croker, as administratrix of the estate of Howard Croker, deceased.
The conceded facts are as follows: On or about July 7, 1947, one Howard Croker issued his personal check in the amount of $745.55 payable to the order of the Manufacturers Trust Company. The Manufacturers Trust Company (foreign department) issued a draft in the amount of 185 pounds sterling to be transmitted to this decedent, Florence Croker Morris, sister of the said Howard Croker. The said funds were transmitted to the decedent herein and this is substantiated by two letters, both in evidence, written by the decedent to her brother Howard Croker. In both these letters the decedent acknowledged that she was indebted to Howard Croker, and in one of the letters offered in evidence at the hearing the decedent wrote to Howard Croker, in part, as follows: ‘ ‘ I have one regret in leaving this world & that is that I did not get time to make the money to pay you back the 185 pounds you lent me. ’ ’
A claim was filed in the estate to recover the amount of $745.55, together with interest at 6% from July 7, 1947 “ for moneys allegedly loaned to the decedent herein by Howard Croker on or about July 7, 1947 ”. This claim was rejected by the ancillary administrator.
The court is of the opinion that the transaction was a loan, and since payment was neither pleaded nor proved, there remains for the court’s consideration the objection raised by the ancillary administrator that the claim is barred by the Statute of Limitations or by laches.
It is undisputed that the decedent was a citizen and resident of Great Britain from the date the money was loaned on July 7, 1947 to the time of her death on January 14, 1953, and at no time did she reside in the United States.
*395 Section 19 of the Civil Practice Act is applicable and provides, in part, as follows: ‘ ‘ If, when the cause of action accrues against a person, he is without the state, the action may be commenced, within the time limited therefor, after his coming into or return to the state.” Since the decedent was at no time present in the State of Now York, the Statute of Limitations could not begin to run until such time as she came into New York State. The ancillary administrator has offered no proof that the decedent ever came into New York State, and accordingly the court is of the opinion that the running of the Statute of Limitations has been tolled (Rabinovitch v. Auerbach, 200 Misc. 77; Ackerman v. Ackerman, 200 N. Y. 72; 2 CarmodyWait, New York Practice, § 158, pp. 331, 332).
The ancillary administrator contends that the Statute of Limitation of England, and not that of the State of New York applies, therefore, the statute was not tolled by reason of the nonresidence of the decedent, and he cites sections 55 and 13 of the Civil Practice Act. The court finds that the cause of action arose in the State of New York, and accordingly the Statute of Limitations of the State of New York would apply. Sections 55 and 13 of the Civil Practice Act must be construed, together with section 19 of the Civil Practice Act, so far as it applies to nonresident defendants (National Sur. Co. v. Ruffin, 242 N. Y. 413; Backus v. Severn, 127 Misc. 776, mod. on other grounds 224 App. Div. 72).
Section 19 of the Civil Practice Act applies to nonresident defendants who never resided in this State (National Sur. Co. v. Ruffin, supra; Maguire v. Yellow Taxicab Corp., 253 App. Div. 249, affd. 278 N. Y. 576). “A defendant’s absence from the state when a cause of action accrues results in a suspension of the applicable statute of limitations against him until his return” (Carmody-Forkosch, N. Y. Prac., § 162, p. 141). The statutory term “ without the state ” applies to all residents and nonresidents who are not within the State (National Sur. Co. v. Ruffin, supra).
Section 12 of the 'Civil Practice Act is applicable also and provides as follows: 11 Limitation in case of death without the state. If a person against whom a cause of action exists dies without the state, the time which elapses between his death and the expiration of eighteen months after the issuing, within the state, of letters testamentary or letters of administration, is not a part of the time limited for the commencement of an action therefor against his executor or administrator.”
Pursuant to section 12, accordingly, the Statute of Limitations is further tolled during the period from the date of death of *396 the decedent, January 14, 1953, to the date when letters were granted appointing H. Bogart Seaman, ancillary executor, on October 13, 1961. To this period should be added 18 months together with the six-year Statute of Limitations. In other words, the limitation period applicable to the cause of action is increased by 18 months plus the period intervening from the date of death until issuance of letters within the State (Haimes v. Schomvit, 268 App. Div. 652, affd. 295 N. Y. 577; Matter of Freundlich, 116 N. Y. S. 2d 757).
Accordingly, the court finds that the claim is not barred by laches or the running of the Statute of Limitations and the claim of Gertrude W. Croker, as administratrix of the estate of Howard Croker, deceased, in the amount of $745.55, together with interest at 6% per annum from July 7, 1947, is allowed.
The account of the ancillary administrator will be judicially settled in accordance with this opinion.